IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LUMBERMENS MUTUAL CASUALTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1255C |
| v. | ) | (Judge Robert H. Hodges) |
| | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A, paragraph III, 4, of the Rules of this Court ("RCFC"), the parties file the following joint preliminary status report:

(a) Jurisdiction

Plaintiff's action arises pursuant to an express contract between Landmark Construction Corporation ("Landmark") and the United States, acting through the Department of the Navy. The action is brought by Lumbermen's Mutual Casualty Company ("Lumbermen's") in its capacity as the surety for Landmark and for Atherton Construction, Inc. ("Atherton"), the contractor that took over and completed the contract after Landmark was terminated for default. Plaintiff states that this Court has jurisdiction to entertain this action pursuant to 28 U.S.C. § 1491. Defendant contends that this Court does not possess jurisdiction to entertain this matter and accordingly intends to file a motion to dismiss for lack of jurisdiction.

(b) Consolidation

The parties do not believe that this case should be consolidated with any other case.

(c) Bifurcation

The parties are not aware of any reason why liability and damages should be tried separately.

(d) Deferral

The parties do not believe that further proceedings in this action should be delayed pending consideration of another case by this Court.

(e) Remand/Suspension

The parties do not intend to request remand or suspension.

(f) Joinder

The parties do not believe that additional parties should be joined.

(g) Dispositive Motions

The defendant will file a motion to dismiss for lack of jurisdiction. In the event that defendant's motion is denied, the parties agree that it is currently unlikely that other dispositive motions will be filed. The parties, however, request that on or before 30 days after the conclusion of discovery, they be allowed to file a status report regarding the appropriateness of filing other dispositive motions.

(h) Relevant Issues

Plaintiff's Statement Regarding The Relevant Legal Issues

1.) Whether the NAS submitted by Landmark and approved by the Navy complied with the requirements of FAR 31.102(e)(2), the Payments Clause, and § 01200 of the Contract and, if not, whether said approval by the Navy of the NAS operated as a discharge, pro tanto, of Lumbermen's obligations under the bonds.

2.) Whether the payments made by the Navy to Landmark for material violated the

payment provisions of the Contract and, if so, whether said payments by the Navy operated as a discharge, pro tanto, of Lumbermen's obligations under the bonds.

3.) Whether the payments made by the Navy for certain personnel and/or labor violated the payment provisions of the Contract and, if so, whether said payments by the Navy operated as a discharge, pro tanto, of Lumbermen's obligations under the bonds.

4.) Whether the progress payments made by the Navy to Landmark after January 15, 2001 violated the payment provisions of the Contract and, if so, whether said payments by the Navy operated as a discharge, pro tanto, of Lumbermen's obligations under the bonds.

5.) Whether the Navy breached the Takeover Agreement by failing to make available to Lumbermen's takeover contractor all of the material previously paid for by the Navy but not incorporated into the Project.

6.) Whether the Navy breached the Takeover Agreement by withholding from the completion contractor liquidated damages attributable to work added to the Contract prior to termination for which the Navy neither sought nor obtained the surety's approval.

7.) Whether the Navy breached the Takeover Agreement by withholding from the completion contractor liquidated damages attributable to delays caused by unforeseen and changed conditions related to the electrical wiring.

<u>Plaintiff's Statement Regarding The Relevant Factual Issues</u>

1.) Whether the Navy evaluated the NAS submitted by Landmark prior to approving said NAS and, if so, to what extent.

2.) To what extent, if any, did the Navy evaluate payment requests for material by

Landmark to determine, prior to paying said requests, whether said requests complied with the terms of the Contract.

3.) To what extent, if any, did the Navy evaluate payment requests for costs associated with personnel, sitework and asbestos abatement by Landmark to determine, prior to paying said requests, whether said requests complied with the terms of the Contract.___

Defendant's Statement Regarding The Relevant Legal Issues

1.) Whether this Court possess jurisdiction to entertain Lumbermen's' cause of action for equitable subrogation or discharge.

2.) Assuming that this Court has jurisdiction to entertain Lumbermen's' cause of action for equitable subrogation or discharge, whether the Navy failed to comply with the contract requirements and whether this resulted in improper payments to Landmark.

3.) Whether this Court possesses jurisdiction to entertain Lumbermen's' cause of action for breach of the takeover agreement where Lumbermen's failed to file a certified claim with the contracting officer.

4.) Assuming that this Court possesses jurisdiction to entertain Lumbermen's' cause of action for breach of the takeover agreement, whether Lumbermen's can prove by the preponderance of the evidence that the Navy breached that agreement.

5.) Assuming that this Court has jurisdiction to entertain Lumbermen's' cause of action for breach of the takeover agreement, whether Lumbermen's can prove by the preponderance of the evidence that the Navy delayed the performance of the completing contractor, and if so, whether those delays are compensable. ______

Defendant's Statement Regarding The Relevant Factual Issues

1.) Assuming that this Court has jurisdiction to entertain Lumbermen's' cause of action for equitable subrogation, whether Lumbermen's was aware, or should have been aware, of Landmarks' deficiencies in performance, and, if so, whether Lumbermen's did, or should have, notified the Navy of those deficiencies.

2.) Assuming that this Court has jurisdiction to entertain Lumbermen's' cause of action for equitable subrogation, whether Landmark's network analysis schedule was reasonable.

3.) Assuming that this Court has jurisdiction to entertain Lumbermen's' cause of action for equitable subrogation, whether Landmark's performance of the contract was delayed, and, if so, what were the causes of those delays.

4.) Assuming that this Court possesses jurisdiction to entertain Lumbermen's' cause of action for breach of the takeover agreement, whether the completing contractor's performance of the contract was delayed, and, if so, what were the causes of those delays.

(i) Settlement

The parties are not currently in a position to pursue fruitful settlement discussions. The parties will, however, continue to consider the possibility of settlement, and the use of ADR, throughout the proceedings.

(j) Trial

At this time, the parties anticipate that they will proceed to trial and that the trial will last from five to ten days. The parties agree that an expedited trial pursuant to paragraph 6(b) of Appendix G is not warranted.

(k) Electronic Filing

The parties are not aware of any special issues regarding electronic case management needs.

(l) Additional Information

The parties request that the trial in this case take place in Seattle, Washington.

The parties are unaware of any other matters which should be brought to the Court's attention at this time.

Discovery Schedule

1. Exchange of documents: The parties are in the process of exchanging relevant, non-privileged documents informally.

2. In the event that defendant's motion to dismiss is denied, all written discovery will be completed within six months of that denial.

3. In the event that defendant's motion to dismiss is denied, the depositions of fact witnesses will be completed within six months of that denial.

4. Designation of expert witnesses by March 1, 2005, and exchange of expert witness reports within 30 days of fact witness discovery being completed

5. In the event that defendant's motion to dismiss is denied, the depositions of expert witnesses will be completed within eight months of that denial.

6. In the event that defendant's motion to dismiss is denied, all discovery will be completed within eight months of that denial.

Respectfully submitted,

PETER D. KIESLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Mark G. Jackson
MARK G. JACKSON, ESQ.
Preston Gates & Ellis LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580
(206) 623-7022 (Fax)

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
1100 L Street, NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
(202) 307-0252
(202) 307-0972 (Fax)

December 20, 2004

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December, 2004, a copy of the foregoing Joint Preliminary Status report was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

s/ Leslie Cayer Ohta