**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 04-1255 C<br>Honorable Robert H. Hodges, Jr. |

**PLAINTIFF'S SUPPLEMENTAL AUTHORITIES**

In response to questions raised by the Court during oral argument on the United States' motion to dismiss, Plaintiff Lumbermens Mutual Casualty Company hereby submits these supplemental authorities.

1. "***Isn't there some obligation on the government's part not to make changes that would imperil the surety's security?***" (Tr., p. 23, lines 5-7)

48 C.F.R. § 28.106-5(a)(2)(ii).

United States v. Reliance Ins. Co., 799 F.2d 1382 (9th Cir. 1986).

*See also* supplemental authorities listed in response to Question 2, *infra*.

2. "***Well, when was the discharge applied from the government's actions during contract performance? In other words, you mentioned earlier a mandatory provision that***





PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

***they retain 10 percent say which they don't do. What other source, would negligence or simply oversight errors be enough****?*" (Tr., p. 25, lines 14-20)

(a) National Surety Corp. v. United States, 118 Fed. 3d 1542, 1546 (Fed. Cir. 1993) ("During the performance of the contract, the Government has a duty to exercise its discretion responsibly and to consider the surety's interest in conjunction with other problems encountered in the administration of the contract.")

(b) American Ins. Co. v. United States, 62 Fed. Cl. 151, 156-58 (2004) (stating that "[p]laintiff correctly notes that a surety may, without providing the requisite notice, recover against an obligee that impairs its suretyship status", but granting summary judgment to the defendant because "plaintiff has failed to establish any genuine issue of material fact as to whether the contracting officer abused his discretion in continuing to make, under the circumstances presented, full progress payments.")

(c) United Pacific Ins. Co. v. United States, 16 Cl.Ct. 555, 558 (1989) ("Defendant's authority to make progress payments is limited by its 'duty to exercise its discretion responsibly and to consider the surety's interest in conjunction with other problems encountered in the administration of the contract.'")

(d) The Ohio Cas. Ins. Co. v. United States, 12 Cl.Ct. 590, 591 (1987) ("The surety does not , however, contract to assume the risks of unreasonable conduct by a contracting officer which results in a loss to the government.")

3. "***Who is the contractor?***"[1] (Tr., p. 56, line 6) "***All right. Well, if CDA is an issue, the problem remains that somebody has to be in privity and someone has to be in charge; and you set it up with Atherton or with the government. I am now not clear where.***" (Tr., p. 71, lines 6-10)

---

[1] Plaintiff interprets the Court's question to be directed at the construction contract, i.e., the government's contract, No. N44255-97-C-5515.





PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

(a) Erickson Air Crane Co. v. United States, 731 F.2d 810, 813 (Fed. Cir. 1984) ("The government consents to be sued only by those with whom it has privity of contract….").

(b) Exhibit 3 to the Declaration of Matthew Muretta (Modification No. A00013 to Navy Contract No. N44255-97-C-5515) ("The contractor organization performing the contract work has changed from LANDMARK CONSTRUCTION CORPORATION… To…Atherton Construction, Inc…") (emphasis in original).

(c) Declaration of Matthew Muretta, ¶ 3 ("Atherton would invoice the government and, if the government assessed liquidated damages and withheld payment to Atherton, Atherton would submit an invoice to an receive payment from Lumbermens for the difference.").

DATED this 18th day of July, 2005.

LUMBERMENS MUTUAL CASUALTY COMPANY

By: /s/ Mark G. Jackson __________
Mark G. Jackson, WSBA #18325

PRESTON GATES ELLIS LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580
(206) 623-7022

Counsel of Record for
LUMBERMENS MUTUAL CASUALTY COMPANY

OF COUNSEL:

Derek D. Crick
Kevin A. Rosenfield
PRESTON GATES & ELLIS LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580
(206) 623-7022

Richard L. Hanson
PRESTON GATES ELLIS & ROUVELAS MEEDS LLP
1735 New York Avenue NW, Suite 500
Washington DC 20006-5221
(202) 628-1700

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2005, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all parties of record.

/s/____________________
Judy Goldfarb



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022