IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-1255 C<br><br>(Honorable Robert H. Hodges, Jr.) |

# PLAINTIFF'S MOTION FOR SANCTIONS

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff Lumbermens Mutual Casualty Company ("Lumbermens") respectfully requests that the Court impose sanctions against defendant United States ("Defendant" or "Government") for repeated violations of RCFC 45(b)(1). Pursuant to the Rule, a party is required to provide "prior notice" to opposing counsel before serving a third-party subpoena. Defendant, however, issued at least two third-party subpoenas without giving *any* notice to opposing counsel—let alone the "prior notice" required under RCFC 45(b)(1).

As discussed herein, courts consistently hold that the failure to provide such notice is a serious violation that warrants sanctions. Lumbermens therefore requests that the Court impose the following sanctions against Defendant:

1. Defendant's counsel is admonished against issuing any future third party subpoenas without prior notice to Lumbermens;

2. Defendant's counsel must produce to Lumbermens, within fifteen (15) days of the Court's order, copies of each third-party subpoena previously issued by Defendant in the instant action;

3. Defendant's counsel must file an affidavit, within thirty (30) days of the Court's order, that all documents produced—or that will be produced—pursuant to the subpoenas have been or will be furnished to Lumbermens' counsel; and

4. Defendant is directed to pay attorneys fees incurred by Lumbermens in bringing the RCFC 45 violation to the attention of the Court.

## II. STATEMENT OF THE ISSUES

1. Whether this Court should sanction Defendant for serving third-party subpoenas without giving prior notice to opposing counsel?

## III. STATEMENT OF THE CASE

In early November 2005, John Furlong, the Vice President of Atherton Construction, informed Lumbermens that Defendant had previously served a third-party subpoena upon Atherton. See Declaration of Kevin A. Rosenfield in Support of Plaintiff's Motion to Compel Discovery and Motion for Sanctions ("Rosenfield Decl.") ¶12. Lumbermens had not received *any* notice of this subpoena from Defendant. Id. Lumbermens learned that Atherton had sent its requested documents to copy center in Las Vegas, Nevada for copying and production to Defendant. Id. ¶13. Lumbermens thereafter contacted the copy center and obtained a copy of the documents being sent to the Government. Id.

On November 4, 2005—shortly after the discussion with Mr. Furlong—counsel for Lumbermens contacted Defendant's counsel, Leslie Ohta, and informed her that Defendant's subpoena to Atherton was in violation of RCFC 45 notice requirements. Id. ¶14. Ms. Ohta indicated that the subpoena to Atherton was the only third-party subpoena that she had served, and, upon assurance that this would not happen again, Lumbermens decided not to notify the Court of the violation. Id.

Just recently, however, counsel for Lumbermens became aware of a *second* subpoena violation by Defendant. On December 20, 2005, John Egbert of Global Construction Services, Inc. informed counsel that, *two months earlier*, Defendant had served Global Construction Services with a third-party subpoena for documents related to the Project. Rosenfield Decl. ¶23, Ex. O. (Global Construction was previously hired by Lumbermens to conduct the initial analyses of surety loss from Landmark's default. Id.) According to Mr. Egbert, he responded to the Government's subpoena by producing two boxes to Ms. Ohta that were labeled "Landmark." Id. ¶24. After Ms. Ohta had time to review the documents, she apparently informed him that "experts" had told her that the documents produced by Global Construction were for the wrong Landmark project, and Mr. Egbert would need to search for additional documents. Id. Mr. Egbert is currently trying to comply with Ms. Ohta's request, which is why he contacted Lumbermens about the subpoena. Id.

Defendant did not provide Lumbermens with notice prior to serving the third-party subpoena upon Global Construction. Id. ¶25. In fact, Defendant has not provided any notice whatsoever of the issued subpoena, nor has Defendant provided copies of the documents produced to Defendant by Global Construction. Id.

## IV. ARGUMENT

Mirroring the equivalent federal rule, RCFC 45 requires that "prior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by RCFC 5(b)." See RCFC 45(b)(1). See also FED. R. CIV. P. 45(b)(1). Rule 5(b) provides that a party can make service either by delivery or mail to the opposing party's attorney. See RCFC 5(b). Prior notice must be given "prior to the issuance of the subpoena, not prior to its return date." Murphy v. Board of Educ., 196 F.R.D.

220, 223 (D.N.Y. 2000). The purpose of the requirement of prior notice is

> to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things. Such additional notice is not needed with respect to a deposition because of the requirement of notice imposed by Rule 30 or 31. But when production or inspection is sought independently of a deposition, other parties may need notice in order to monitor the discovery and in order to pursue access to any information that may or should be produced.

Fed. R. Civ. P. 45(b), Advisory Committee Notes to 1991 Amendments. See also Spencer v. Steinman, 179 F.R.D. 484, 489 (D. Pa. 1998).

Rule 45(a) was amended in 1991 to allow counsel to issue subpoenas without obtaining them from the clerk of the court, thus necessitating "increased responsibility and liability for the misuse of this power." Fed. R. Civ. P. 45(a), Advisory Committee Notes to 1991 Amendments. Because counsel now possessed the power to coerce production on its own, the injury resulting from attorney misuse of the subpoena power is not limited to the harm it inflicts upon the parties:

> The risks attached to misuse of the subpoena power are great. Under this delegation of power, an attorney is licensed to access, through a nonparty with no interest to object, the most personal and sensitive information about a party. By failing to receive prior notice of the information sought from a nonparty, a party is deprived of its greatest safeguard under the Rule, i.e., the ability to object to the release of the information prior to its disclosure. Therefore, the loss of the opportunity to object prior to the release of the information caused injury to defendant. Moreover, misuse of the subpoena power is not limited to the harm it inflicts upon the parties, it also compromises the integrity of the court's processes. When the power is misused, public confidence in the integrity of the judicial process is eroded. Therefore, the failure to provide prior notice to defendant of the subpoenas cause[s] injury to the public.

Spencer, 179 F.R.D. at 489. See also United States v. Santiago Lugo, 904 F. Supp. 43, 47 (D. P.R. 1995) ("The mere fact that an attorney abuses the subpoena power directly implicates the court itself and creates an embarrassment for the institution."); Potomac Elec. Power Co. v. Electric Motor Supply, Inc., 190 F.R.D. 372, 380 (D. Md. 1999) (""When an attorney misuses his or her power under Rule 45 to command a non-litigant to produce documents in a lawsuit to

which he or she is a stranger by failing to give appropriate notice to the parties, public confidence in the integrity of court processes is eroded.")[1]

As the aforementioned cases dictate and demonstrate, the responsibility that accompanies the subpoena power is not to be taken lightly. Counsel for Defendant, however, has breached this responsibility—at least twice—by serving subpoenas to Atherton Construction and Global Construction Services without notifying the opposing party. See Rosenfield Decl. ¶¶12, 23. In both situations, Lumbermens learned of these subpoenas after-the-fact and independent from Defendant. Id. It can only be speculated as to when (or if) the Government intended to inform Lumbermens of these subpoenas, and when (or if) it intended to produce the documents obtained therefrom. Due to Defendant's infractions, the various purposes of the notice requirement were thwarted: Lumbermens had neither the opportunity to object to the proffered subpoenas nor the ability to monitor Defendant's discovery and ensure access to any information that may be produced. See Fed. R. Civ. P. 45(b), Advisory Committee Notes to 1991 Amendments.

As a consequence, the Court should sanction Defendant for its failure to comply with the prior notice requirement of RCFC 45. The fact that counsel repeatedly violated RCFC 45 is sufficient on its own to warrant sanctions. See Murphy, 196 F.R.D. at 223 ("Because Rule 45 is so clear and because plaintiff's counsel repeatedly violated it, sanctions would be appropriate based on those facts alone.") Liability for a Rule 45 violation arises regardless of bad faith and regardless of resulting prejudice. Spencer, 179 F.R.D. at 489 (rejecting attorney's "no harm, no foul" defense where failure to provide notice did not cause harm and was due to an alleged oversight by a paralegal). Under such circumstances, sanctions may be ordered pursuant to

[1] Furthermore, abuse of the subpoena power also potentially exposes offending counsel to discipline under Rule 4.4 of the Model Rules of Professional Conduct as a violation of the rights of third parties. See Spencer, 179 F.R.D. at 498; Santiago-Lugo, 904 F.Supp. at 48. Such abuse may also be actionable as a tort. Id. See Fed. R. Civ. P. 45(b), Advisory Committee Notes to 1991 Amendments.

RCFC 26(g), RCFC 37(c)(1), or the Court's inherent power to sanction conduct considered to be an abuse of the judicial process. See, e.g., Murphy, 196 F.R.D. at 223-24; Allender v. Raytheon Aircraft Co., 220 F.R.D. 661, 667 (D. Kan. 2004); Potomac Elec., 190 F.R.D. at 382. Here, the propriety of sanctions is further underscored by the fact that, even after Lumbermens had brought the impropriety of the Atherton subpoena to Defendant's attention, Defendant nevertheless neglected to notify Lumbermens of its subpoena to Global Construction.

The Court should therefore impose sanctions upon Defendant and Defendant's counsel that ensures (1) that Defendant does not again serve third-party subpoenas without notifying Lumbermens; (2) that Defendant provides copies of all third-party subpoenas previously served by Defendant in the instant action; and (3) that Defendant provides to Lumbermens' counsel all documents received pursuant to third-party subpoenas. In addition, Lumbermens also requests that the Court order Defendant to pay the attorney fees incurred by Lumbermens in bringing the RCFC 45 violation to the attention of the Court.

//

//

//

//

//

//

## V. CONCLUSION

For the foregoing reasons, the Court should impose the recommended sanctions upon Defendant.

Respectfully submitted,

PRESTON GATES & ELLIS LLP

By_/s/________________________
Mark G. Jackson

Counsel of Record for Plaintiff
LUMBERMENS MUTUAL
CASUALTY COMPANY

Derek D. Crick
Kevin A. Rosenfield
PRESTON GATES & ELLIS LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

December 23, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2005, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all parties of record.

/s/____________________
Judy Goldfarb