**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 04-1255 C<br>Honorable Robert H. Hodges, Jr. |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTIONS**

## I. Introduction

Plaintiff Lumbermens Mutual Casualty Company ("Lumbermens") respectfully requests that the Court deny Defendant's Motion for an Extension of Time to Plaintiff's Motion to Compel and Motion for Sanctions. Defendant fails to adequately support or explain its alleged inability to respond within the applicable time limits to either of Plaintiff's motions. Nowhere does Defendant explain why it could not have obtained such declarations within the required time or why such declarations are relevant to Plaintiff's Motion for Sanctions. Moreover, Defendant improperly neglected to file the instant motion until *the same day* that its responses to both motions were due. A motion for enlargement of time should be filed as soon as such need becomes apparent, but Defendant fails to explain why it could not have filed this motion in a more timely fashion.

Absent further specificity or explanation, Defendant's motion should be denied. To hold



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

otherwise on the basis of such a late, vague, and unsupported explanation would effectively render filing deadlines as discretionary and meaningless.

## II. Factual Background

On December 23, 2005, Lumbermens filed two separate motions with this Court. First, Lumbermens filed a motion to compel Defendant to produce responsive documents from the Defense Finance and Accounting Services ("DFAS"). Second, Lumbermens moved for sanctions against Defendant due to its failure to adhere to RCFC 45(b)(1) and provide notice to opposing counsel prior to serving various third-party subpoenas.

Defendant's responses to both motions were due on the same date that it filed the instant motion: Friday, January 6, 2005. See RCFC 6(a), 7.2(a). Defendant did not file a response to either motion but merely filed the instant motion requesting additional time. Defendant contends that its responses were not due until January 9, but this contention is incorrect.[1]

## III. Argument

### A. Defendant Improperly Waited Until the Day Its Response Was Due Before Filing the Enlargement Motion.

The Court should dismiss and/or deny Defendant's motion for enlargement as untimely. As succinctly noted by one court, "*no excuse exists* for filing a motion for extension on the date the time for filing expires." Degenaars Co. v. United States, 1 Cl. Ct. 129, 131, 555 F. Supp. 403 (1983) (emphasis added). All motions for enlargement of time should be filed "*as soon as the need therefore becomes apparent*." Whorton v. United States, 1 Cl. Ct. 41, 43, 553 F. Supp. 400

---

[1] Both of Plaintiff's motions were filed on December 23, and Defendant must file a response within 14 days after service of the motions. See RCFC 7.2(a). In computing time, the day of the motions' filing should not be included, but "the last day of the period so computed *shall* be included, unless it is a Saturday, a Sunday, or a legal holiday." See RCFC 6(a) (emphasis added). Not including the date of filing, fourteen days following the filing of Plaintiffs' motions is Friday, January 6.





PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

(1982) (emphasis added). "The court strongly disapproves the practice of filing motions for enlargement on exceedingly short notice." Id. See also Degenaars, 1 Cl. Ct. at 131 (stating that, "in general, motions for enlargement must be filed at the earliest practicable time"). Presentation of a late enlargement motion puts the court in a difficult position since denial of the time extension may preclude the movant from submitting any response to the original motions—and, if the moving party anticipates the court's hesitancy to do so, then such timing allows counsel to effectively grant itself a de facto time extension.

Courts therefore require that, at the very least, motions for enlargement that are filed near the end of a party's response period "must carefully explain the reasons why it could not have been filed in a more timely fashion." M.R.K. Corporation v. United States, 6 Cl. Ct. 544, 545 (1984). All such motions must "make a persuasive showing that counsel has been working on the matter diligently or has been prevented from doing so by significant matters beyond his control." Degenaars, 1 Cl. Ct. at 131. See also Whorton, 1 Cl. Ct. at 43 ("Under no circumstances is there justification for requesting a last-minute enlargement… when drafting of the underlying pleading has not even commenced.") Here, Defendant waited fourteen days before finally filing its motion for enlargement of time on the same date that its responses to both of Plaintiff's motions were due. Defendant, however, provides no explanation whatsoever for such delay in filing its motion. Absent any explanation of its delay—or any assurance that it has been working diligently on the response—Defendant's motion should be dismissed and/or denied.

**B. Defendant Fails to Provide a Sufficient Basis to Support Its Motion for Enlargement.**

As the lone explanation in support of its motion, Defendant alleges that it requires



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

additional time in order "to obtain declarations from DFAS and from the Government's own experts." This one-sentence explanation, however, is far too vague and ambiguous to warrant an extension of time. A motion for enlargement "must contain substantial reasons upon which the motion for enlargement is based," Degenaars, 1 Cl. Ct. at 131, and may not contain "little more than counsel's bald assertion that additional time is needed," M.R.K. Coporation, 6 Cl. Ct. at 545. See also Whorton, 1 Cl. Ct. at 43 ("An enlargement of time can be a useful device but should be viewed as the exception, not the rule. While an attorney does not always have full control over his schedule or that of his client, counsel must make a good faith effort to meet deadlines.") Notably, nowhere does Defendant specify why it could not have obtained these declarations within the fourteen days following the filing of Plaintiff's motions. Nor does Defendant specify why it requires declarations from its own experts in order to respond to motions arising from (1) its violations of Rule 45 and (2) its failure to produce relevant documents. Neither of Defendant's responses to these motions should involve expert testimony. Furthermore, nowhere does Defendant show that counsel has been working on the case diligently or that she has been prevented from doing so by matters beyond her control.

Indeed, the declarations that Defendant purportedly requires are irrelevant to Plaintiff's Motion for Sanctions. The Motion for Sanctions does not mention or involve DFAS, and it seems improbable that unspecified "Government experts" are necessary to respond to Defendant's failure to adhere to Rule 45(b)(1). Defendant thus fails to proffer *any* viable explanation for why it requires an extension of time to respond to the Motion for Sanctions. The most likely explanation for Defendant's request for a time extension is simply that it failed to diligently work on a response—and Defendant does nothing to refute such an assumption.



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## IV. Conclusion

For the foregoing reasons, Lumbermens requests that the Court deny Defendant's request to extend the deadline for responding to Plaintiff's Motion to Compel and Motion for Sanctions.

Respectfully submitted,

PRESTON GATES & ELLIS LLP

By_/s/___________________________
Mark G. Jackson

Counsel of Record for Plaintiff
LUMBERMENS MUTUAL
CASUALTY COMPANY

Derek D. Crick
Kevin A. Rosenfield
PRESTON GATES & ELLIS LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

January 9, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all parties of record.

/s/_____________________
Judy Goldfarb



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022