IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LUMBERMENS MUTUAL CASUALTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1255C |
| v. | ) | (Judge Robert H. Hodges) |
| | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Pursuant to Rule 7 of the Rules of the United States Court of Federal Claims("RUSCFC"), and this Court's January 9, 2005 order, defendant respectfully submits its response to plaintiff's motion for sanctions.[1] This response is supported by the declaration of Leslie Cayer Ohta. In its December 23, 2005 motion, Lumbermens seeks a Court order sanctioning defendant for failing to provide notice to Lumbermens prior to issuing two subpoenas for documents as required by RUSCFC 45(b)(1). Lumbermens request is not well taken.

## BACKGROUND

### I. Government Counsel Violated Rule 45 (b)(1) By Failing To Provide Notice To Lumbermens Prior To Issuing Two Subpoenas For Documents.

Because Lumbermens was the surety for Landmark Construction Company ("Landmark"), retained Global Construction Company ("Global") apparently to investigate the status of Landmark's performance under the contract and to assess Lumbermens exposure, and

---

[1] Plaintiff's motion was filed on December 23, 2005. Defendant's opposition was due on January 9, 2006. On January 6, 2006, three days prior to the deadline, defendant filed a motion for an 11-day extension of time to file its response to plaintiff's motion. In response to plaintiff's January 9, 2006 opposition to defendant's motion for an extension, this Court ordered defendant to file its response by January 10, 2006.

retained Atherton Construction Company ("Atherton") as the takeover contractor after Landmark defaulted, and is seeking damages from the Government for the period of Atherton's performance, Government counsel expected that included within Lumbermens files would be all, or at least most, of the files from Lumbermens, all of the files from Landmark, all of the documents from Global, and all of the files form Atherton. Declaration of Leslie Cayer Ohta In Support of Defendant's Opposition to Plaintiff's Motion for Sanctions ("Ohta Decl."), ¶4. Further, based upon Government counsel's understanding that Lumbermens had produced all documents in its possession to the Government, and based upon Government counsel's belief that Lumbermens had not been able to provide all of the documents that would be expected to be found within Landmark's, Atherton's, and Global's files, Government counsel decided to serve subpoenas duces tecum upon those three entities in an attempt to obtain additional records. Id. ¶5.

On October 13, 2005, Government counsel issued subpoenas to be served upon Global and Atherton. Id. ¶6. Government counsel, however, inadvertently failed to provide notice to Lumbermens counsel that she intended to serve subpoenas upon Global and Atherton. Id. ¶7. While Government counsel acknowledges that there is no excuse for her oversight, there is no evidence, nor does Lumbermens' counsel allege, that she was acting in bad faith or in an attempt to circumvent the discovery process. Id..

The documents sought by the two subpoenas, that were simultaneously issued, were documents generated during the performance of the Government contract that is the subject matter of this dispute by Global and Atherton, both of which had a contractual relationship with Lumbermens. Id. ¶7. Moreover, the documents sought were documents to which the

Government was entitled; and were documents that ordinarily would have been in the possession of Lumbermens. Id..

On November 4, 2005, counsel for Lumbermens called Government counsel to complain that she had served a subpoena upon Atherton without providing him with the requisite notification. Id. ¶10. Government counsel apologized to Lumbermens' counsel for her oversight and agreed to his request that she fax him copies of all subpoenas served in connection with this matter. Id.. Government counsel immediately faxed Lumbermens' counsel a copy of the Atherton subpoena. Id. ¶11. Government counsel did not fax counsel for Lumbermens a copy of the Global subpoena because she did not remember preparing one, and when she looked in the file marked "subpoena" that she maintain for this case, only the Atherton subpoena was contained in it. Id.. Subsequent to the Global subpoena being located, it was faxed to Lumbermens counsel. Id..

Immediately upon receiving the documents produced by Atherton in response to the subpoena, Government counsel had them copied and sent by Federal Express to counsel for Lumbermens at Government expense. Id. ¶12. While Lumbermens maintains that it did not receive any Global documents from the Government, Government counsel recalls that immediately upon receiving the documents produced by Global in response to the subpoena, Government counsel had them copied and sent by Federal Express to counsel for Lumbermens. Id. ¶13. Only after sending the Global documents to counsel for Lumbermens did Government counsel learn that the documents pertained to another contract. Id. ¶14. In fact, all of the Global documents that were responsive to the subpoena had been previously provided to counsel for Lumbermens by Global and, therefore, Global had no documents that were responsive to the

subpoena. Id.. It was Lumbermens' failure to identify the Global documents in its mass production of documents in response to our request which led to our confusion and misplaced belief that if we wanted the Global documents we would have to obtain them directly from Global.

If Lumbermens had been provided with the notice required by Rule 45(b)(1), Lumbermens would have no grounds upon which to object to the service of those subpoenas since Lumbermens had had a contractual relationship with both of those entities in connection with the contract that is the subject matter of this lawsuit and should have provided all documents in the possession of Global and Atherton to the Government. In its motion, Lumbermens does not make allegations to the contrary. Id. ¶16.

## II. Government Counsel's Violation O f Rule 45 Does Not Merit The Imposition Of Sanctions.

The Government recognizes that to combat the abuse of the discovery process, RCFC 37(b) provides a wide spectrum of discovery sanctions "designed to discourage delay, waste of resources, and dilatory practices in favor of full disclosure of relevant information prior to trial." Applegate v. United States, 35 Fed. Cl. 47, 56 (1996); Advanced America Services, Inc. v. United States, 32 Fed. Cl. 191, 193 (1994). Pursuant to RCFC 37(b)(2), "[i]f a party ··· fails to obey an order to provide or permit discovery ··· the court may make such order in regard to the failure as are just ···" Such orders include designating certain facts as "established for purposes of the action" (RCFC 37(b)(2)(A)), or "refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting such party from introducing designated matters in evidence" (RCFC 37(b)(2)(B)). The Rules also permit the court to impose costs against the party

failing to obey the order. See RCFC 37(b)(2).

There are two basic limitations upon a court's discretion to impose sanctions pursuant to Rule 37(b)(2). The rule expressly requires that the sanctions must be "just"; and the sanction must relate to the particular claims to which the discovery order was addressed. Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982). In keeping with these limitations, some courts have held that the "flagrancy of a party's behavior must be directly proportionate to the severity of the sanction imposed." Chilcutt v. United States, 4 F.3d 1313, 1322 n. 23 (5th Cir.1993), cert. denied sub nom, Means v. Wortham, 513 U.S. 979 (1994). Moreover, no Rule 37 sanction is appropriate when a litigant's failure is not the result of bad faith or misconduct." Hendler v. United States, 952 F.2d 1364, 1368 (Fed. Cir. 1991). While Lumbermens relies upon Spencer v. Steinman, 179 F.R.D. 484 (E.D.Pa. 1998), for the proposition that "bad faith" is not a prerequisite to the imposition of sanctions. The Federal Circuit in Hendler held to the contrary. It is indisputable that the Federal Circuit's decision in Hendler is controlling.

Under the circumstances of this matter, sanctions are not warranted. The following factors weigh against the imposition of sanctions in this case: 1) there was a single violation of Rule 45(b)(1), that is, the issuance of two subpoenas for documents by Government counsel on October 13, 2005, without providing notice to Lumbermens; 2) Government's counsel's error was inadvertent; 3) there is no evidence that Government counsel acted in bad faith and Lumbermens' counsel does not so allege; 4) Government counsel immediately acknowledge her error and apologized to Lumbermens counsel for it; 5) the documents were subpoenaed from two entities with which Lumbermens had a contractual relationship in connection with the contract

that is the subject matter of this dispute; 6) the documents did not contain, and would not have been expected to contain, personal or sensitive information; 7) the documents subpoenaed were documents that Government counsel reasonably expected that Lumbermens could have, or should have, produced if Lumbermens had possession of them; 8) Lumbermens would not have had grounds to object to the issuance of the subpoenas, and Lumbermens does not allege to the contrary; and 9) Government counsel has acknowledged her error to the Court, apologized to the Court for her oversight, and assured the Court that it would not happen again. In short, given that Government's error was not flagrant, was not done in bad faith, and did not constitute misconduct, the imposition of sanctions is not warranted. See Hendler v. United States, 952 F.2d 1364, 1368 (Fed. Cir.1991)(no Rule 37 sanction is appropriate when a litigant's failure is not the result of bad faith or misconduct). Moreover, of the sanctions requested by Lumbermens, defendant has already satisfied each of the substantive demands. Lumbermens also seeks attorney fees for the cost of its motion for sanctions. However, since it has already obtained the relief it seeks without the intervention of the Court, there was no reason to file this motion. The oversight by Government counsel has not harmed or prejudiced Lumbermens in any way. The Court has been informed of this matter; Government counsel has provided appropriate apologies to the Court and Lumbermens counsel; and Lumbermens has been provided with the subpoenaed documents at the Government's expense. Accordingly, there is no basis for sanctions.

CONCLUSION

For the foregoing reasons, it is respectfully requested that plaintiff's motion for sanctions l be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530

January 10, 2006

Attorneys for Defendant