IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LUMBERMENS MUTUAL CASUALTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1255C |
| v. | ) | (Judge Robert H. Hodges) |
| | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OUT-OF-TIME RESPONSE TO THE COURTS JANUARY 9, 2006 ORDER REGARDING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION TO COMPEL

Defendant respectfully moves the Court for leave to file this out-of-time response to the Court's January 9, 2006 order requiring the Government to respond by January 10, 2006, as to why the Government could not file its response to plaintiff's motion to compel by January 10, 2006, and how much additional time would be needed.

On January 9, 2006, this Court entered an order compelling defendant to respond to the motion for sanctions no later than January 10, 2006. The Government has complied with this aspect of the order. The order, however, also directed the Government to explain no later than January 10, 2006, why it could not respond to the motion to compel by January 10, 2006. Government counsel overlooked that part of the order, and consequently did not respond to it, because her focus on the January 9 order was entirely on the requirement that she file our response to plaintiff's motion for sanctions by the following day. Government counsel has no excuse for not having read the order more carefully. If she had, she would have realized that the order also required that she explain why she could not respond to plaintiff's motion to compel by January 10, 2006. In fact, in retrospect, Government counsel could have responded that the

Government could not produce the requested documents by simply stating that they were not available. Instead, Government counsel determined that the Court should be provided with a detailed explanation as to why the documents could not be produced, the nature and significance of the requested documents, and whether the absence of such documents could have an adverse impact upon plaintiff's ability to prosecute its claims in this matter. Upon subsequent review of the Court's January 9 order, after being served with plaintiff's January 11, 2006 pleading, defendant 's counsel realized her oversight. Our response explaining why we are unable to respond to the motion to compel until January 20, 2006 follows. We apologize for any inconvenience to the Court for this oversight by this out-of-time response. For these reasons, the Court should grant leave for the Government to file this out-of-time response to the Court's January 9, 2006 order.

In response to the direction given by the Court in its January 9, 2006 order, the Government states that while the Government is able to file its response, supported by the declarations of Leslie Cayer Ohta, Wiley Wright, the Government's financial expert, and Richard Paullin, the Government's scheduling expert, by Tuesday, January 17, 2006, we require until Friday, January 20, 2006, to file a declaration from DFAS, which will provide additional information that completes the fullest most detailed response to the motion to compel.

On January 6, 2006, we moved pursuant to Rule 6(b) of the Court of Federal Claims, for an 11-day extension of the deadline for responding to plaintiff's motion to compel and motion for sanctions. It was our first request for an enlargement of time for that purpose. In that motion, we stated that additional time was needed to respond to the motion to compel to obtain the

declarations necessary to support the Government's position in those matters.[1] In opposition to Lumbermens' motion to compel, we will provide a detailed explanation as what efforts were made to locate the requested documents, why the documents can not be produced, the nature and significance of the requested documents, and whether the absence of such documents could have an adverse impact upon plaintiff's ability to prosecute its claims in this matter. While our motion for an enlargement of time did not provide all of the details that we intend to present in opposition to the motion to compel, Government counsel considered her statement adequate at the time. We should have explained in our motion for enlargement that since plaintiff's motion was filed on December 23, 2005, with the intervening Christmas and New Years holidays, during which it is difficult to contact Federal employees, there was little time or opportunity to obtain the necessary declarations to fully support our opposition. This is especially true of the critical declaration from DFAS detailing the efforts DFAS made to locate the requested documents and why the documents can not be retrieved from the Federal Records Center. That is why additional time is still needed to obtain the DFAS declaration.

In addition, additional time was needed to obtain declarations from Wiley Wright, the Government's financial expert, and Richard Paullin, the Government's scheduling expert, regarding the nature and importance of the requested documents to the analyses of the claims made by plaintiff in this case. Mr. Wright's holiday vacation interfered with Government counsel's ability to obtain his declaration. We have now obtained the necessary declarations

[1] On January 9, 2006, plaintiff filed its opposition to our motions upon the ground that it was filed the day that the responses were due and that an adequate explanation for the need for additional time was not provided. Plaintiff is wrong on the first count since the our motion was filed three days before the responses were due.

from Mr. Wright and Mr. Paullin.

We have still not, however, received the critical declaration from DFAS. Government counsel's inability to obtain a declaration from DFAS is certainly not because she has not been diligent in attempting to obtain it. Government counsel has been in contact by voice mail and e-mail with three DFAS employees on numerous occasions in connection with this matter since November 2005. After receiving the plaintiff's motion to compel on December 23, 2005, Government counsel attempted to contact the DFAS San Diego employees with whom she was dealing but because of the their holiday vacation schedules she made little progress in obtaining a final version of the declaration that DFAS had been working on. When Government counsel was unable to obtain the information she believed necessary to most fully explain DFAS's position that DFAS could not obtain the requested documents, she contacted the DFAS Office of General Counsel in Washington, D.C. Government counsel was then put in touch with a DFAS attorney in St. Louis who handed the matter off to another attorney. When she spoke to that DFAS attorney, Government counsel impressed upon him the urgency and the importance of this matter and also pointed out that it was incumbent upon DFAS to provide a detailed explanation as to why DFAS was unable to obtain the requested documents.

As noted above, our opposition to the motion to compel will specifically demonstrate the significance of the requested documents and that no prejudice results from the absence of these documents. As we will also explain in our opposition to the motion to compel that we have not produced the documents because they cannot be obtained from DFAS. It is Government counsel's understanding, based upon her numerous communications with the DFAS employees in San Diego, that the documents in question were sent to the Federal Records Center for storage.

The only way to retrieve documents from the Federal Records Center is by the box accession number. It is the box accession number that DFAS San Diego can not determine. Government counsel also requested that the DFAS attorney determine if there are alternate sources that can be searched for the accession number. We expect to be able to file the DFAS declaration by the requested extension date of January 20, 2006.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court grant the Government leave to file this late response to the Court's January 9, 2006 order and grant the Government's January 6, 2006, motion for an 11-day extension of time with respect to the motion to compel in order that the Government have the opportunity to address the merits of plaintiff's position.

Respectfully submitted,

PETER D. KIESLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

January 12, 2006

Attorneys for Defendant