# In the United States Court of Federal Claims

| | | |
|---|---|---|
| * * * * * * | * | |
| LUMBERMENS MUTUAL CASUALTY, | * | |
| Plaintiff, | * | No. 04-1255C |
| v. | * | Filed: January 13, 2006 |
| THE UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |
| * * * * * * | * | |

## ORDER

Plaintiff filed a motion to compel discovery of certain documents from the Defense Finance and Accounting Services, an agency that plaintiff asserts has paid certain invoices that represent "essential elements of Lumbermens' case." The Government responded by seeking an extension of eleven days to reply because it needed additional time to obtain declarations from individuals at DFAS and from government experts. We issued an Order asking defendant to explain its position on plaintiff's motion to compel by the close of business on January 10. Defendant did not timely respond to our request but now seeks leave to file a response out of time, and renews its request for an eleven day extension to address the merits of plaintiff's motion to compel. The Government's motion for leave to file its response to the Court's order out of time is granted, so we may consider defendant's reasons for seeking additional time.

Defendant states it needs until January 17 to obtain declarations regarding the nature and importance of the documents to the claims made by Lumbermens in this case, and until January 20 to obtain a declaration from DFAS describing the efforts the agency has taken to retrieve the materials sought by Lumbermens in its discovery requests. As we have stated, the discovery rules of this court are broad, and it may be unnecessary to consider the importance of the documents Lumbermens seeks at this time. The pivotal question now seems to be when plaintiff will receive the materials it requested, if at all. It appears the DFAS declaration will add nothing to what the Government has already represented to plaintiff and the court, namely, that the documents Lumbermens has requested cannot be produced from the agency because they cannot be retrieved from the Federal Records Center. Defendant should know by now whether alternative sources are available for obtaining the materials requested.

Another discovery issue involves the apparent violations of Rule 45. Defendant has explained that these violations were inadvertent, but plaintiff has a number of remaining concerns. The parties have an obligation to confer before filing a motion to compel, and we assume that they have made good faith attempts to resolve these matters as required by the Rule.

If the parties cannot reach agreement regarding these discovery matters by the close of business on January 18, counsel will agree on a time to meet with the court by telephone before the end of next week. We will rule on all pending matters then.

/s/ Robert H. Hodges, Jr.
Robert H. Hodges, Jr.
Judge