# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LUMBERMEN'S MUTUAL CASUALTY COMPANY, Plaintiff, | ) | No. 04-1255C |
| v. | ) | Judge Robert H. Hodges, Jr. |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

## DECLARATION OF BETTY J. FENLON

1. My name is Betty J. Fenlon. I am employed by the Defense Finance and Accounting Service (DFAS), an agency of the Department of Defense. DFAS' mission is to serve as the primary accounting and finance agency for the Department of Defense to include the payment of invoices for contracts.

2. I work at the DFAS site in San Diego, California. I am employed by DFAS in San Diego as the Chief, Vendor Pay Support Branch. As the result of my employment with DFAS, I am generally familiar with invoice payment methods and the record-keeping practices of DFAS.

3. Until July 2005, DFAS San Diego used, among others, two automated information payment systems, the Facilities Information System (FIS) and the One Pay System.

4. The FIS is a Department of Navy owned system that DFAS had access to for paying construction contracts for certain Navy Facilities entities. Under the procedures that were used in 2000 and 2001, the Navy Facilities entities would set up construction contract information in the FIS.

5. As invoices were received by the responsible Navy Facilities entity, DFAS would require the entity to provide DFAS San Diego Vendor Pay with a copy of the contract, the original invoice, and a Prompt Payment Certification. DFAS Vendor Pay would then enter certain data taken from the invoice into FIS data-fields, to include among other data, invoice number, invoice date, invoice amount, contract number, a funds usage number, and the recommended payment amount. (The recommended payment amount was the amount of the invoice amount that the Navy Facilities entity was approving for payment.) A payment release date was then scheduled based upon the Prompt Payment Act.

6. Once DFAS entered the data into FIS, a pre-validation was electronically conducted to ensure that the transaction was properly being accounted for and payment should be made. If not valid, the responsible Navy Facilities entity would be notified to make any necessary correction or to provide additional information. If valid, the invoice transaction would be released when scheduled for payment. An electronic file of the release would then be transmitted to DFAS Oakland where the file was added to the One Pay File. This One Pay File was then sent to the DFAS Cleveland disbursing office, which would make the payment.

7. In the FIS process, DFAS San Diego did not generate any new documents but merely entered data into FIS and validated the transaction for payment. Nor did DFAS determine the amount of payment that should be paid to the payee. That was determined by the responsible Navy Facilities entity.

8. Because the volume of work using FIS was relatively low, the FIS invoices and related documents that DFAS San Diego received were normally retained at the San Diego site's warehouse. They were stored according to the payment release date and the funds usage number. They were not stored by contract number or by contractor name. FIS records were required to be retained for 6 years, 3 months before destruction.

9. In 2004, in order to reduce warehouse space, DFAS San Diego began sending more records than it had done in the past to our servicing Federal Records Center (FRC) in Laguna Niguel, California. Normally, when records are transferred to a FRC, the boxes are numbered and a Standard Form (SF) 135, Records Transmittal and Receipt, is prepared to be delivered with the boxes to the FRC. The SF 135 shows the number of transferred boxes along with a series description of the enclosed records to include the inclusive dates of the records. Prior to or at the time of delivery of the records to the FRC, the FRC will assign an accession number to the shipment. A copy of the SF 135 is maintained by DFAS for future use and, if necessary, retrieval of the files. The SF 135 for each shipment is to be retained until after the records destruction date. These normally would have been retained by the administrative services branch.

10. With regards to Contract Number N4425597C5115 for which Landmark Construction Corporation was the contractor, the FIS shows that we processed six invoices in 2000 and three invoices in 2001. Copies of the computer screens in FIS for these nine payments were sent to the Department of Justice.

11. DFAS cannot locate the nine Landmark invoices and related documents that it received in 2000 and 2001 pertaining to Contract Number N4425597C5115 because DFAS San Diego cannot locate most of its copies of the SF135s. A search of DFAS San Diego has only discovered two SF 135s. One was from October 2002 and the other from March 2005. Neither of them involved the transfer of FIS documents. The three employees at DFAS San Diego who were responsible between 2000 and mid-2005 for boxing records, preparing the SF 135s, delivering the boxes, and retaining the SF 135s, have either retired or separated from DFAS. The current employee responsible for this function cannot find any records. DFAS San Diego does not know what happened to the other SF 135s. We have been unable to determine any other means to locate these invoices.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on January 13, 2006.

Betty J. Fenlon

Betty J. Fenlon