# In the United States Court of Federal Claims

* * * * * * *

LUMBERMENS MUTUAL CASUALTY, *

Plaintiff, * No. 04-1255C

v. * Filed: January 24, 2006

THE UNITED STATES OF AMERICA, *

Defendant. *

* * * * * * *

## ORDER

Plaintiff Lumbermens seeks damages resulting from the Government's alleged impairment of its suretyship rights after having taken over the defaulted project from Landmark. The impairment resulted in higher costs to plaintiff after it took over the contract, according to Lumbermens. The case comes before the court now on plaintiff's motions to compel discovery and for sanctions.

### MOTION TO COMPEL DISCOVERY

The parties exchanged project-related documents in the Spring of 2004. Some payment requests that Lumbermens received from the Government were incomplete, however, and plaintiff filed requests to the Government for production of documents in September 2005. Defendant responded that "all documents have previously been produced." Lumbermens contacted Government counsel on November 4 and asked that she obtain the missing documents from the office of Defense Finance and Accounting Services. Government counsel concluded that DFAS would not be able to locate the documents. Lumbermens filed a motion to compel production, along with expenses and other sanctions.

We asked that the parties make a good faith attempt to resolve this matter short of additional proceedings. It became clear during a telephone status conference on January 20 that counsel would not be able to manage such a resolution. We agreed to review the filings and issue an Order this week outlining the court's impressions. Among the questions that have arisen are the following:

For Plaintiff:

1. How will the documents sought affect plaintiff's ability to prove its case? Assuming the documents exist, will plaintiff be prejudiced if the Government is unable to produce them? If so, to what extent? The Government has represented that its experts were able to analyze the claims without the documents.

2. If DFAS' role in paying invoices is purely ministerial, as the Government contends, how will that agency's activities help Lumbermens prove that payments to Landmark were improper?

3. Can plaintiff prove its claims without the desired information? For example, is the information available in some other form? Does Landmark not have records that would establish the frequency of payments, and the basis for such payments?

4. If the information sought by plaintiff literally is unavailable, or has been lost, or it never existed, what can the court do to address this problem? If plaintiff can make the showing necessary to allow the court to make adverse presumptions about the information, what form would such presumptions take? How and to what extent would the information be probative of an important element of plaintiff's case?

For Defendant:

1. Has the Government taken all available steps to locate and produce the requested documents?

2. Do the missing network activity schedules submitted by Landmark appear in another form within the Government? If the role of DFAS was only ministerial, some government officials must have reviewed and approved the pay applications. Perhaps the Navy, as the contracting agency?

3. Lumbermens contends the network analysis schedules formed a basis for the Navy to evaluate Landmark's progress and to make payments to the contractor. What other documents among Government records would provide the same information?

4. What is the legal standard for drawing adverse presumptions about the missing information? Must plaintiff show that it will be prejudiced, or that its case will be compromised significantly without the requested documents? Must it show that the documents would have proved an essential element of its case?

5. How have government experts been able to analyze the Navy's justifications for payment without these documents? Plaintiff's expert filed a declaration stating the need for all contemporaneous documents relied upon by the Navy in its review and approval of Landmark's

invoices. According to plaintiff, such information is crucial to its claim.

## OTHER SANCTIONS

Defendant issued two third-party subpoenas without giving prior notice to Lumbermens. See Rule 45 ("Prior notice of any commanded production of documents and things . . . shall be served on each party . . . ."). Government counsel acknowledges that she "inadvertently failed to provide notice to Lumbermens counsel that she intended to serve subpoenas" on the two third parties, Global Construction Company and Atherton Construction Company.

Counsel asserts that she intended no effort to gain advantage, and we are not aware of how such could arise in these circumstances. Neither can we determine that this was an attempt to circumvent the rules of discovery. Plaintiff has not explained clearly how it could have been prejudiced by these oversights. Defendant's counsel has apologized to the court and to plaintiff; we see no need for further action on this matter.

## RECOMMENDATIONS

If counsel wish to pursue these matters in light of the issues the court has raised in this Order, they may respond to the points outlined above no later than February 1. We will rule promptly following receipt of the briefs.

Government counsel has expressed concern about certain comments or assertions to which she wishes to respond on the record, before the court. If this remains her wish, we must gain consent from plaintiff's counsel that he represent his client by telephone at the hearing, or await a time when he will be in this area. It is not a reasonable use of resources to have counsel travel to Washington for this sole purpose. As an alternative, we can arrange a video teleconference in one of the electronic courtrooms available to this court. Counsel may advise the court how they wish to proceed in light of these concerns when they file on or before February 1.

/s/ Robert H. Hodges, Jr.
Robert H. Hodges, Jr.
Judge