**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-1255 C<br><br>(Honorable Robert H. Hodges, Jr.) |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS**

## I. Introduction

The Court's Order of January 24, 2006 evinces a belief that sanctions are not warranted for Defendant's repeated Rule 45 violations unless Lumbermens can demonstrate prejudice and/or bad faith. Respectfully, however, that belief is contrary to established caselaw. Neither prejudice nor bad faith is a required predicate for issuing sanctions for violating Rule 45. Moreover, even if prejudice were required (and it is not), the Court overlooks actual prejudice suffered by both Lumbermens and Global Construction Services.

## II. Discussion

### A. Sanctions Are Appropriate for Rule 45 Violations Even Absent Evidence of Prejudice or Bad Faith.

The Court should not accept Defendant's "no harm, no foul" defense. Because the risks attached to the misuse of the subpoena power are considerable, *any* transgression is considered sanctionable—regardless of bad faith or resulting prejudice to the opposing party. See, e.g., Spencer v. Steinman, 179 F.R.D. 484, 489 (D. Pa. 1998) (rejecting attorney's "no harm, no foul" defense where failure to provide notice did not cause harm and was due to an alleged oversight by a paralegal); Murphy v. Board of Educ., 196 F.R.D. 220, 223 (D.N.Y. 2000) ("Because Rule

45 is so clear and because plaintiff's counsel repeatedly violated it, sanctions would be appropriate based on those facts alone.").

Irrespective of whether resulting harm occurs, "[t]he mere fact that an attorney abuses the subpoena power directly implicates the court itself and creates an embarrassment for the institution." United States v. Santiago Lugo, 904 F. Supp. 43, 48 (D. P.R. 1995). The notice requirements of Rule 45 are not just to protect the opposing party but also to protect the interests of the public at large:

> [M]isuse of the subpoena power is not limited to the harm it inflicts upon the parties. Rather, misuse of the subpoena power also compromises the integrity of the court's processes. Under Rule 45, an attorney, as an officer of the court, is delegated the power to command a non-litigant to produce documents in a lawsuit to which he or she is a stranger. When the power is misused, public confidence in the integrity of the judicial process is eroded. Therefore, the failure to provide prior notice to defendant of the subpoenas cause[s] injury to the public.

Spencer, 179 F.R.D. at 489. See also Potomac Elec. Power Co. v. Electric Motor Supply, Inc., 190 F.R.D. 372, 380 (D. Md. 1999). Defendant's misuse of the subpoena power thus served to erode the integrity of the court's process, and sanctions are appropriate regardless of resulting harm or prejudice to the opposing party.

**B. Defendant's Abuse of the Subpoena Process Prejudiced Both Lumbermens and Global Construction.**

Moreover, Defendant's subpoena violations actually *have* caused prejudice, causing harm to both Lumbermens and one of the recipients of Defendant's subpoenas, Global Construction. First, Defendant's violations have prejudiced Lumbermens because of the costs incurred by Lumbermens in having to bring Defendant's rule violations to the attention of the Court. The Court's intervention was necessary because Defendant's previous statement that it had otherwise complied with Rule 45—a statement made after Lumbermens contacted Defendant upon

discovering Defendant's first Rule 45 violation—was apparently untrue. See Rosenfield Decl. ¶14. Upon learning of the second violation, Lumbermens had no choice but to seek the Court's assistance in order to ensure that Defendant truthfully revealed all outstanding subpoenas and agreed to adhere to Rule 45 in the future. After being previously misled, Lumbermens could not take that risk again.

Furthermore, in order to protect the rights of third parties and the judicial process itself, Lumbermens had an obligation to report repeated Rule 45 violations. See Santiago-Lugo, 904 F. Supp. at 48 (deeming Rule 45 violation as an ethical violation that contravenes the Model Rules of Professional Conduct); Spencer, 179 F.R.D at 488-89 (noting that Rule 45 violations should be reported regardless of resulting harm or mere inadvertence). As a measure of fairness, Lumbermens thus should not have to incur the costs of bringing the matter before the Court.

Secondly, Defendant's violations also unfairly prejudiced Global Construction. In addition to the duty imposed by Rule 45 toward the opposing party, "the general duty of an attorney *toward third parties* is violated when a subpoena is misused." Santiago Lugo, 904 F. Supp. at 48 (emphasis added). When Rule 45(a) was amended in 1991 to allow counsel to issue subpoenas without obtaining them from the clerk of the court, attorneys—as officers of the court—have "increased responsibility and liability for the misuse of this power." FED. R. CIV. P. 45(a), Advisory Committee Notes to 1991 Amendments. Here, as Defendant admits, Global Construction initially responded to the subpoena by producing documents to Defendant that were unrelated to the instant litigation. See Ohta Decl. ¶14. If Defendant had properly adhered to Rule 45, Lumbermens could have—and would have—informed Ms. Ohta that it had already produced all of Global's documents that related to the instant litigation. This would have spared Global from spending the time and resources needed to review, compile, and send irrelevant

documents to Ms. Ohta. Defendant's Rule 45 violation therefore caused prejudice upon both a third party and the opposing party.

## III. Conclusion

For the foregoing reasons, Lumbermens reiterates its requests that the Court impose the following sanctions upon Defendant, which are reasonable and tailored specifically to the facts present here:

1. Defendant's counsel is admonished against issuing any future third party subpoenas without prior notice to Lumbermens;

2. Defendant's counsel must produce to Lumbermens, within fifteen (15) days of the Court's order, copies of any other third-party subpoena (other than the Atherton and Global Construction subpoena) previously issued by Defendant in the instant action;

3. Defendant's counsel must file an affidavit, within thirty (30) days of the Court's order, that all documents produced—or that will be produced—pursuant to the subpoenas have been or will be furnished to Lumbermens' counsel; and

4. Defendant is directed to pay attorneys fees incurred by Lumbermens in bringing the RCFC 45 violations to the attention of the Court.

Respectfully submitted,

PRESTON GATES & ELLIS LLP

By /s/
Mark G. Jackson

Counsel of Record for Plaintiff
LUMBERMENS MUTUAL
CASUALTY COMPANY

Derek D. Crick
Kevin A. Rosenfield

PRESTON GATES & ELLIS LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

February 1, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all parties of record.

/s/
Judy Goldfarb