IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-1255C<br>(Judge Robert H. Hodges) |

MOTION FOR LEAVE TO FILE OUT-OF-TIME DEFENDANT'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S QUESTION REGARDING PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR SANCTIONS

Defendant respectfully moves for leave of Court to file our response to the Court's January 24, 2006 order one day late. Our response was due on February 1, 2006. On January 24, 2006, the date that the order was issued, Government counsel was in Seattle, Washington, defending the depositions taken by plaintiff in this matter. Upon returning to the office on January 27, 2006, Government counsel went through the approximately 150 e-mail messages that had been received during her absence. If the January 24, 2006 order had been printed, it was misplaced, and Government counsel did not see it until February 2, 2006.

In response to the Court's questions, the Government responds as follows:

1. Government counsel has taken all reasonable steps to locate the missing documents. As described in our previous filing, Government counsel has made numerous contacts with DFAS in an effort to locate the requested documents, but without the box accession number it is impossible to retrieve the documents from the Federal Records Center. Copies of the requested documents should have been contained in the contract files. Despite numerous requests to the agency, the agency has been unable to locate the missing documents. Government counsel plans on traveling to Whidby Island later this month in an attempt to locate the

documents.

2. According to our expert, he was able to locate what he believes is the network schedule analysis for one of the invoices. It is his opinion, as reflected in his declaration previously filed, that he is able to do his schedule analysis without the network schedule analysis that should have been attached to two of the other invoices. The Navy did review all of the invoices they were sent to DFAS for payment. Thus, what DFAS received are merely duplicates of the materials that the contracting officer reviewed prior to certifying the Landmark invoices for payment. The problem in this case is that the Navy's contract files are incomplete.

3. Lumbermens is correct that the Navy used the network schedule analysis to evaluate Landmark's progress before authorizing payment to Landmark. In addition to the network schedule analysis, the Navy relied upon Landmark's certifications and the representations made by, in some instances, Landmark's quality control person, and the Navy's scheduling expert and quality control person. In addition, the daily reports and other contract documents are relevant to demonstrate Landmark's progress on the contract.

4. The Government agrees that in order to for the Court to draw an adverse inference the plaintiff must demonstrate that the missing documents could have an impact on the outcome of the case. See Hardwick Bros. Co., II v. United States, 36 Fed. Cl. 347 (1996)(no adverse inference drawn where the criticalness or controlling nature of missing documents has not been demonstrated). Given that, the Government believes that whether an adverse inference should be drawn as the result of the Government not being able to locate the missing documents should not be decided until the Court has the opportunity to weigh the evidence relating to the merits of

plaintiff's position at the trial of this matter.

5. According to the Government's expert, he was able to use the network schedule analysis that is available to perform the requisite analysis addressing the claims made by plaintiff in this case. The Government's expert disagrees with some of the opinions contained in the declaration of plaintiff's expert. Again, the merits of the experts' opinions in this regard should be decided by this Court at the trial of this matter.

Government counsel prefers to be heard in Court pertaining to the two pending motions but will be heard by telephone if the Court determines that a telephone hearing is the most appropriate way to expeditiously resolve the pending matters.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
1100 L Street NW
Washington, D.C. 20530

February 2, 2006

Attorneys for Defendant