**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 04-1255 C<br>(Honorable Robert H. Hodges, Jr.) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

## I. RELIEF REQUESTED

Pursuant to RCFC 15(a), Plaintiff Lumbermens Mutual Casualty Company ("Lumbermens") respectfully moves this Court for leave to amend its original complaint to add factual allegations and include three additional causes of action. See Exhibit A. Lumbermens has not previously sought leave to amend its complaint.

## II. STATEMENT OF FACTS

### A. Procedural History

Lumbermens filed its original complaint in August 2004, seeking damages based upon the Government's improper handling of Contract Number N44255-97-C-5515 ("Contract") for the Whole Site Repair/ Revitalization of the Maylor Capehart Housing Area on Naval Air Station, Whidbey Island, in Oak Harbor, Washington ("Project"). Counts 1 through 10 of the original complaint were impairment of suretyship claims (also known as "pro tanto discharge") based upon the Navy's numerous breaches of the Contract through its improper approval of Landmark's NAS, the Navy's failure to withhold progress payments, and the Navy's improper payments to Landmark for various materials and services. See Complaint,



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

¶¶90-179. Counts 11 through 20 included similar claims based upon equitable subrogation; these claims were subsequently dismissed by the Court. Id., ¶¶180-270. Counts 21, 22, and 23 were Breach of the Takeover Agreement claims, generally based upon the Navy's failure to provide Lumbermens with material purchased by the Navy and the Navy's refusal to extend the Contract completion date. Id., ¶¶270-86.

Less than one month ago—on January 23, 24, and 25 of this year—Lumbermens deposed the Project's contracting officer, project engineer, and quality control inspector. Declaration of Kevin Rosenfield in Support of Plaintiff's Motion for Leave ("Rosenfield Decl.") ¶4. Other than initial Rule 26 disclosures and third-party subpoenas, Defendant has not sought additional discovery and has not yet noted any depositions. Id.

On February 17, 2006, Lumbermens provided counsel for Defendant with a copy of the proposed amended complaint, including notation of all changes made to the original complaint. Id. ¶7. Defendant did not respond to Lumbermens' inquiry regarding whether Defendant intended to oppose the instant motion for leave to amend. Id.

**B. Lumbermens' Proposed Amended Complaint**

Lumbermens seeks to add three impairment of suretyship claims, as well as the supporting factual allegations. See Rosenfield Decl., Ex. A. First, Lumbermens seeks to add a claim based upon Defendant's failure to require progress payment certifications with each invoice, as mandated by the Contract. (See Count 1.) Lumbermens also seeks to add a second claim based upon Defendant's failure to require the contractor to submit a proper schedule of prices, as mandated by the Contract. (See Count 2.) Finally, Lumbermens seeks





PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

to add a claim due to Defendant's failure to terminate Landmark for default pursuant to FAR 32.006-3 and FAR 32.112-1. (See Count 13.)

## III. ARGUMENT

### A. Leave to Amend is Freely Granted.

The rules of this Court set a permissive standard for amending a complaint. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." RCFC 15(a). Moreover, the Court of Claims has generally stated that "[i]f the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Principal Mutual Life Insurance Co. v. United States, 26 Cl. Ct. 616, 623 (1992).

In deciding a motion for leave to amend a complaint, courts generally consider the presence of the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, futility of the proposed amendment, and undue prejudice to the opposing party." Id. The burden of proof is with the defendant. See Scott Timber Co. v. United States, 44 Fed. Cl. 170, 182 (1999). See also Croskey v United States, 24 Cl. Ct. 420, 422 (1991) ("[I]t is clear that the burden for obtaining the denial of a motion to amend rests upon the non-movant, in that the party must demonstrate that it will be severely disadvantaged or incapable of presenting facts or evidence with regard to the issues at hand.").

As discussed below, none of the aforementioned factors that could preclude amendment are present in this case.



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**B. There is No Basis for Opposing Lumbermens' Motion.**

***1. No Prejudice to Defendant.***

Of the four factors listed above, the U.S. Supreme Court "has placed a particular emphasis on the element of prejudice to the opposing party." Siemens Aktiengesellschaft v.United States, 26 Cl. Ct. 312, 313 (1992) (citing United States v. Hougham, 364 U.S. 310, 316 (1960)). "The principal test for prejudice in such situations is whether the opposing party was denied a fair opportunity to defend and to offer additional evidence on that different theory." Evans Products Co. v. West Am. Ins. Co., 736 F.2d 920, 924 (3d Cir. 1984). See also 6 Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1476 (1991) ("If no prejudice is found, then leave normally will be granted.").

Here, the proposed amendment will not prejudice Defendant. Defendant has been on notice of the facts supporting Plaintiff's additional causes of action from the outset of this case, and Plaintiff's additional claims merely refine and augment the factual allegations of Lumbermens' existing claims. See Rosenfield Decl., Ex. A. Moreover, the parties are still in the early stages of discovery, and Defendant has not yet conducted any depositions. Id. ¶6. The discovery deadline is not until September 1, 2006, and the trial will not take place until 2007. See Scheduling Order (February 8, 2006).

***2. No Bad Faith or Undue Delay.***

Defendant cannot allege that Lumbermens delayed in attempting to amend its complaint because Lumbermens only learned of the facts supporting its proposed amendment—or confirmed such facts—through recent discovery. See Rosenfield Decl ¶4. Furthermore, as previously stated, the parties are still in the early stages of discovery. Id. ¶4;



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Scheduling Order (February 8, 2006).

***3. Lumbermens' Claims Are Not Futile.***

Lumbermens' proposed claims are far from futile. The additional claims are based upon specific, credible evidence—most notably from documents obtained through discovery and the direct testimony of the contracting officer and project engineer on the relevant project. See Rosenfield Decl ¶5.

## IV. CONCLUSION

For the foregoing reasons, Lumbermens respectfully requests leave to file the First Amended Complaint.

Respectfully submitted,

PRESTON GATES & ELLIS LLP

By /s/___________________________
Mark G. Jackson

Counsel of Record for Plaintiff
LUMBERMENS MUTUAL
CASUALTY COMPANY

Derek D. Crick
Kevin A. Rosenfield
PRESTON GATES & ELLIS LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

February 21, 2006



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all parties of record.

/s/____________________
Judy Goldfarb



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022