**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-1255 C<br><br>(Honorable Robert H. Hodges, Jr.) |

**SUPPLEMENTAL AUTHORITIES SUPPORTING PLAINTIFF'S MOTION FOR SANCTIONS**

During oral argument on Plaintiff's Motion for Sanctions, Defendant for the first time discussed the Chambers v. NASCO, Inc. decision, arguing that decision prohibited monetary sanctions for Rule 45 violations absent a finding of bad faith. That decision was not raised by Defendant in any of its earlier briefing and, in fact, does not actually support Defendant's contentions. Both RCFC 26(g) and RCFC 37 permit an award of monetary sanctions for Rule 45 violations without evidence of bad faith—and Chambers v. NASCO, Inc. does not suggest otherwise. Indeed, the Chambers decision addresses *only* the inherent sanctioning power of the court and does not address the court's sanctioning power pursuant to *express* rules of civil procedure. Of course, Lumbermens seeks sanctions pursuant to RCFC 26(g) and RCFC 37, not the Court's inherent powers. Accordingly, the Chamber's decision is not relevant.

Plaintiff Lumbermens Mutual Casualty Company hereby submits these supplemental authorities:

1. Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123 (1991) (referred to by Defendant's counsel, this case did not involve Rule 45 violations whatsoever and merely addresses sanctions awarded under the court's inherent sanctioning power).

2. Spencer v. Steinman, 1999 U.S. Dist. LEXIS 23387 (E.D. Penn. 1999) (an unpublished opinion—that Defendant's counsel nevertheless referred to during argument—which, while upholding *all* nonmonetary sanctions for Rule 45 violations, vacated monetary sanctions only because sanctions were sought under the court's inherent sanctioning power—and not pursuant to Rule 26(g) or Rule 37). See also Spencer v. Steinman, 179 F.R.D. 484 (D. Pa. 1998) (granting various nonmonetary and monetary sanctions for Rule 45 violations pursuant to the court's inherent sanctioning power).

* * *

Additionally, Plaintiff re-submits the following authorities that were previously cited within Plaintiff's earlier briefing:

3. RCFC 26(g)(3) (noting that sanctions are improper only if the offending party can show "substantial justification" for the transgression).

4. Eureka Fin. Corp. v. Hartford Accident & Indem. Co., 136 F.R.D. 179, 186 (E.D. Cal. 1991) (noting that showing a lack of "substantial justification" under Rule 26(g) does not require bad faith; negligence, for instance, is sufficient).

5. Allender v. Raytheon Aircraft Co., 220 F.R.D. 661, 666 (D. Kan. 2004) (granting monetary sanctions for violation of Rule 45(b)(1) pursuant to Rule 26(g); the award of sanctions

///

///

///

///

included costs for "additional time and effort" incurred by plaintiff's counsel "to support her motion and appear at oral argument").

Respectfully submitted,

PRESTON GATES & ELLIS LLP

By_/s/___________________________
Mark G. Jackson

Counsel of Record for Plaintiff
LUMBERMENS MUTUAL
CASUALTY COMPANY

Derek D. Crick
Kevin A. Rosenfield
PRESTON GATES & ELLIS LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

February 23, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all parties of record.

/s/____________________
Judy Goldfarb