**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

LUMBERMENS MUTUAL CASUALTY COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 04-1255 C

Honorable Robert H. Hodges, Jr.

**PLAINTIFF'S WITNESS LIST**

Pursuant to the Rules of the Court of Federal Claims, Plaintiff hereby submits its witness list. Plaintiff expects to call the following witnesses.

1. Stephen Beatty. Mr. Beatty is expected to testify regarding the damages suffered by Plaintiff under its payment and performance bonds. Plaintiff anticipates Mr. Beatty's testimony on direct examination will last approximately two hours.

2. John Santiago. Mr. Santiago was the Contracting Officer administering the Contract at issue in this case. His testimony is expected to address all aspects of performance by both Landmark Construction Company ("Landmark"), the original contractor, and Atherton Construction, Inc. ("Atherton"), the completing contractor. Plaintiff anticipates that Mr. Santiago will also address submittal requirements and all aspects of payment to Landmark. In addition, Plaintiff anticipates Mr. Santiago will testify regarding the Takeover Agreement executed by Defendant, Plaintiff and Atherton. Plaintiff anticipates Mr. Santiago's direct testimony will last approximately eight hours.

3. Kevin McAteer. Mr. McAteer was the Project Engineer for Defendant on the Contract at issue in this case. His testimony is expected to address the performance and

payment of both Landmark and Atherton, the differing site conditions raised by Plaintiff, and schedules and scheduling for performance of work by Landmark and Atherton. Plaintiff anticipates Mr. McAteer's direct testimony will last approximately six hours.

4. Ron Martin. Mr. Martin was the Quality Assurance Representative for Defendant on the Project. Plaintiff anticipates Mr. Martin will provide testimony regarding Landmark's performance on the project, his role in he invoicing and payment procedures for Landmark, the status of the project at termination, the materials on hand that were transferred to Atherton upon its takeover of the project and the performance by Atherton on the project. Plaintiff anticipates Mr. Martin's direct testimony will last approximately four hours.

5. Pam Johnson: Ms. Johnson was a Credit Manager at Parker Paint, Landmark's supplier of paint and painting materials for the Project. Plaintiff anticipates that Ms. Johnson will provide testimony regarding the quantity and cost of paint and painting materials supplied by Parker Paint to Landmark, the amount Parker Paint invoiced for these materials, and the amount of money paid by Landmark to Parker Paint. Plaintiff anticipates that Ms. Johnson's direct testimony will last approximately two hours.

6. Robert Ryan: Mr. Ryan is a representative of Tacoma Fixture Company, Landmark's supplier of cabinetry for the Project. Plaintiff anticipates that Mr. Ryan will provide testimony regarding the quantity and cost of cabinetry materials supplied by Tacoma Fixture to Landmark, the amount Tacoma Fixture invoiced for these materials, and the amount of money paid by Landmark to Tacoma Fixture. Plaintiff anticipates that Mr. Ryan's direct testimony will last approximately two hours.

7. Patrick Clancy: Mr. Clancy was the President of Harbor Building Supply, Landmark's supplier of doors, windows, siding, and other materials for the project. Plaintiff anticipates that Mr. Clancy will provide testimony regarding the quantity and cost of the materials supplied by Harbor Building Supply to Landmark, the amount Harbor Building Supply invoiced for these materials, and the amount of money paid by Landmark to Harbor Building Supply. Plaintiff anticipates that Mr. Clancy's direct testimony will last approximately three hours.

8. Brady Farley: Mr. Farley was Landmark's Project Manager on the Contract at issue in this litigation. Plaintiff anticipates Mr. Farley will testify regarding all aspects of Landmark's performance prior to the termination by default of its contract including schedules and scheduling, submittals, vendor, supplier and subcontractor performance, invoicing and billing relating to both vendors and the Navy and the relationship between this particular project and Landmark's corporate operation. Plaintiff anticipates Mr. Farley's direct testimony will last approximately five hours.

9. Matt Muretta. Mr. Muretta is the President of Atherton, the contractor that completed the project and a party to the Takeover Agreement. Mr. Muretta is anticipated to provide testimony regarding the status of the project at termination (including the work performed and the materials on hand), performance by Atherton (including schedules, scheduling and invoicing), the differing site conditions encountered by Atherton, Atherton's completion and the liquidated damages assessed by the Navy.

10. Chris Smith: Mr. Smith is the expert retained by Plaintiff. Plaintiff anticipates Mr. Smith will offer testimony regarding his opinions pertaining to Landmark's NAS, the

reliance by the navy upon that document for invoice and payment purposes, the liquidated damages assessed by the Navy and the damages suffered by Plaintiff.

DATED this 30th day of July, 2007.

Respectfully submitted,

LUMBERMENS MUTUAL
CASUALTY COMPANY

By _s/Mark G. Jackson
Mark G. Jackson, WSBA #18325

GARVEY SCHUBERT BARER
1191 Second Avenue, Suite 1800
Seattle, Washington 98101
(206) 464-3939
(206) 464-0125 – fax

Counsel of Record for Plaintiff
Lumbermens Mutual Casualty
Company