The earned value above does not include the value of the siding purchased, stored and subsequently used by Atherton. As discussed earlier in this report, the inventory records for materials and supplies are incomplete and therefore cannot be used to determine the actual quantities of materials and supplies at the date of termination. Accordingly, the earned value calculated above is a conservative estimate and the resulting overpayment amount is the maximum value of the range of overpayment for siding.

Based on the above method, the maximum overpayment for siding is $247,752 versus the $172,128 included in the Complaint.

**Complaint**

At Par. VII. A. 183, the First Amended Complaint alleges "here, the Navy paid Landmark $458,640 for asbestos and lead abatement. Such payment constituted 52% of the budgeted amount for that scope of work. However, at termination, Landmark had completed only 34% of the scope of work. As a result, the Navy paid landmark $158,760 more than it should have. Such payment by the Navy was not based upon the work performed. Instead, the payment was based upon the mere passage of time. Further, the Navy failed to ensure that said payment was commensurate with the work performed by the Landmark."

At Par. VII. A. 185, the First Amended Complaint further alleges "As a result of the navy's material change to the Contract terms and/or abuse of discretion, Lumbermens was damaged in the amount of at least $158,760."

**Response**

Based on the cost method presented on page 6 of this report, the overpayment for asbestos and lead abatement is $ 36,263 versus the $158,760 included in the Complaint.

LUMBERMENS MUTUAL CASUALTY COMPANY
v.
THE UNITED STATES
No. 04-1255C

**Complaint**

At Par. VII. A. 190, the First Amended Complaint alleges "here, the Navy paid Landmark $378,936 for personnel. Such payment constituted 52% of the budgeted amount for that scope of work. However, at termination, Landmark had completed only 12% of the scope of work. As a result, the Navy paid landmark $291,533 more than it should have. Such payment by the Navy was not based upon the work performed. Instead, the payment was based upon the mere passage of time. Further, the Navy failed to ensure that said payment was commensurate with the work performed by the Landmark."

At Section VII. A. Par.192, the First Amended Complaint further alleges "As a result of the Navy's material change to the Contract terms and/or abuse of discretion, Lumbermens was damaged in the amount of at least $291,533."

**Response**

Given the nature of the personnel costs (i.e. time variable or level of effort type cots) it would inappropriate to recognize or "earn" these type costs based on the actual percent complete of the unit construction. As discussed, the appropriate, industry recognized method is to recognize these costs with passage of time which is how Landmark treated the costs for invoicing purposes. Accordingly, there is no overpayment for personnel.

**Complaint**

At Par. VII. A. 197, the First Amended Complaint alleges "Here, the Navy paid Landmark $378,936 for sitework, resulting in a payment of almost $2,000 per equipment hour for sitework. Such payment by the Navy did not reflect the value of the work performed and was not commensurate with the work performed."



EXHIBIT A
PAGE 20 OF 38

At Par. VII. A. 199, the First Amended Complaint further alleges "As a result of the navy's material change to the Contract terms and/or abuse of discretion, Lumbermens was damaged in the amount of at least $300,000, the exact amount to be proven at trial."

**Response**

As discussed on pages 3-6, Landmark was not overpaid for sitework. Furthermore, the Navy properly approved the payments for sitework.

**Complaint**

At Par. VII. A. 209, the First Amended Complaint alleges "The Navy failed to consider Lumbermens interests and failed to withhold progress payments and such failures materially increased the risk assumed by Landmark when it issued the bonds and caused Lumbermens damage in the amount of $964,032.48, the total payments made to Landmark by the Navy after January 1, 2001."

**Response**

This component of the alleged damages is duplicative of the separate claims for materials, personnel and subcontract costs. Furthermore, this claim is nothing more than a total cost approach whereby Lumbermens seeks all of its payments for the project. The amount for this claim may include items that are unrelated to the issues in the complaint, such as the price differences between the Landmark and Atherton for performing the original scope of work. These amounts also fail to consider the value of materials and services received by Atherton and Lumbermens for the payments made to suppliers and subcontractors under the payment bond.

LUMBERMENS MUTUAL CASUALTY COMPANY
v.
THE UNITED STATES
No. 04-1255C

**Complaint**

At Par. VII. A. 223, the First Amended Complaint alleges "As a result of the Navy's failure to comply with the terms of the Contract, Lumbermens was damaged in the amount of at least $2.0 million, the exact amount to be proven at trial."

**Response**

This component of the alleged damages is duplicative of the separate claims for materials, personnel and subcontract costs. Furthermore, this claim is nothing more than a total cost approach whereby Lumbermens seeks all of its payments for the project. The amounts for this claim may include items that are unrelated to the issues in the complaint, such as the price differences between the Landmark and Atherton for performing the original scope of work. These amounts also fail to consider the value of materials and services received by Atherton and Lumbermens for the payments made to suppliers and subcontractors under the payment bond.

**Complaint**

At Par. VII. A. Par.230, the First Amended Complaint alleges "The Navy failed and refused to provide Lumbermens, or Lumbermens designee, all of said materials."

At Section VII. A. Par.231, the First Amended Complaint further alleges "The breach by the Navy of its obligations to provide Lumbermens all material purchased by the Navy for the Project damaged Lumbermens in excess of $1,000,000, the exact amount to be proven at trial"



EXHIBIT A
PAGE 22 OF 38

**Response**

This component of the alleged damages is duplicative of the separate claims for materials, personnel and subcontract costs. Furthermore, this claim is nothing more than a total cost approach whereby Lumbermens seeks all of its payments for the project. The amounts for this claim may include items that are unrelated to the issues in the complaint, such as the price differences between the Landmark and Atherton for performing the original scope of work. These amounts also fail to consider the value of materials and services received by Atherton and Lumbermens for the payments made to suppliers and subcontractors under the payment bond.

## IV. SUMMARY OF ADJUSTED CLAIM AMOUNTS

| | As Claimed | Adjusted Maximum Amounts |
|---|---|---|
| Doors and Windows | $ 131,775 | $ 165,315 |
| Cabinets | 232,607 | 133,755 |
| Flooring | 333,940 | 252,413 |
| Siding | 172,128 | 247,572 |
| Asbestos and Lead Abatement | 158,760 | 36,263 |
| Paint | 136,479 | 114,750 |
| Personnel | 291,533 | -0 - |
| Sitework | 300,000 | - 0 - |
| Subtotal of Specific Material, Subcontract and Personnel Items | $1,757,222 | $ 950,067 |

LUMBERMENS MUTUAL CASUALTY COMPANY
v.
THE UNITED STATES
No. 04-1255C

| | As Claimed | Adjusted Maximum Amounts |
|---|---|---|
| Performance Bond | 4,160,000 | - 0 -[4] |
| Payment Bond | 550,000 | - 0 -[4] |
| Failure to comply with terms of contract | 4,099,708 | - 0 -[4] |
| Failure to demand NAS | 2,000,000 | - 0 -[4] |
| Failure to withhold progress payments | 964,032 | - 0 -[4] |
| Failure to comply with terms of contract | 2,000,000 | - 0 -[4] |
| Failure to provide materials | 1,000,000 | - 0 -[4] |

As discussed in this report, many of Lumbermens claims are nothing more than total cost type claims. As a result, the damage calculations are overstated due to Lumbermens failure to identify and deduct the costs that are not the responsibility of the Navy or are unrelated to the issues set forth in the complaint. In the alternative to Lumbermens overstated claims, I have presented alternative calculations with a maximum range for each of the damage components. It should be noted that these maximum ranges are based on the actual cost data for both Landmark and Atherton. To the extent that the Atherton costs include items that are not the fault of the Navy, then the percent complete calculations also overstate the maximum range of the damages.

## V. DATA AND OTHER INFORMATION CONSIDERED IN FORMING OPINIONS

The data and other information considered in forming my opinions are presented in Attachment 2 to this report.

4. As discussed in this report, these claim items are unsupported and/or duplicative of the specific material, subcontract and personnel items claimed.



EXHIBIT A
PAGE 24 OF 38

**LUMBERMENS MUTUAL CASUALTY COMPANY**

**v.**

**THE UNITED STATES**

**No. 04-1255C**

October 2, 2006
Date

Wiley R. Wright CPA
Wiley R. Wright, III CPA



EXHIBIT A
PAGE 25 OF 38

WW0404

# Attachment 1

Resume of Wiley R. Wright, III, CPA

# WILEY R. WRIGHT, III, CPA

## Personal Resume

Mr. Wright is a CPA and Senior Shareholder/Partner in Rubino & McGeehin Consulting Group, Inc. He provides services to a wide variety of clients, in addition to litigation support, expert testimony and related consulting activities.

As part of his consulting services, Mr. Wright is extensively involved with construction and government contracting disputes. Mr. Wright consults with law firms, construction and government contractors, and public and private owners. This experience involves a wide variety of projects, including but not limited to, highways; bridges and tunnels; dams; power plants/facilities; airports; prisons; hospitals; manufacturing facilities; numerous other commercial and industrial buildings; satellite design and production programs; aircraft and shipbuilding programs; and defense weapons programs. Mr. Wright has been qualified as an expert witness and has provided expert testimony in construction and government contract litigation as well as cost recovery actions under CERCLA and has testified in Federal and State Courts as well as in International and Domestic Arbitration, Mediation, before the NASA Board of Contract Appeals and the Armed Services Board of Contract Appeals. Services Mr. Wright provides to government contract and construction clients include the following

- claim preparation, review and analysis (certified claims, requests for equitable adjustments and termination claims for conveyance and default);
- change order costing and documentation reviews;
- interim and final project cost audits;
- contract administration consulting;
- accounting system design and reviews;
- Cost Accounting Standards and Federal Acquisition Regulations consulting; cost allowability and allocability determinations;
- defective pricing reviews;
- fraud investigations; and
- False Claims *(Qui Tam)* reviews and analysis.

Representative Construction Project consulting engagements include, but are not limited to, the following:

| Project | Contractor |
|---|---|
| Condominium Building, Virginia Beach, VA | Turner Construction Co. |
| James River (VA) Bridge | S.J. Groves / Kiewit |
| Military Housing Units, Cuba | Zublin / Delaware, Inc. |
| Various Highway Projects | The Driggs Corporation |
| Pittsburgh International Airport | ANJO Construction |
| Virginia State Prison | W.M. Jordan, Inc. |
| Los Angeles County Sludge Dehydration/Energy/Recovery System | Brinderson Corporation |
| Condominium Project | Gilbane Building, Inc. |
| Pennsylvania Highway Projects | J.M. Morrissey, Inc. |
| Natural Gas Pipeline | Conoco, Inc. |
| California Bridge Retrofit | J. Meeks Construction |
| New Brunswick Power Plant | Noell, Inc. |
| Los Angeles Emergency Operations Center | Dillingham, Inc. |
| Robert Byrd Dam | Noell, Inc. |

EXHIBIT A
PAGE 27 OF 38

# WILEY R. WRIGHT, III, CPA
## Personal Resume

| Project | Contractor |
|---|---|
| Veterans Administration Hospital | Clark Construction |
| Office Building Complex | Turner Construction Co. |
| Alameda Corridor Project | Burlington Northern Railroad |
| Military Housing Units, Eielson AFB | Kiewit Construction Co. |
| Fiber Optics Contract | Bechtel and LMAC Inc. |
| Veterans Administration Hospital | Hoffman Construction Co. |
| Pittsburgh Stadium | Wilhelm Kruse |
| Fayette County Prison, PA | Various |
| Forest County Prison, PA | Various |
| Network Operations Center | Hewlett-Packard |
| Waste Water Treatment Facilities | Morrison Knudsen International |

In addition to construction and government contract related services Mr. Wright provides expert testimony in environmental cost recovery and natural resource damage actions being prosecuted by the U.S. Department of Justice. As part of these efforts, he provides consultations to various government agencies (e.g., the U.S. Department of Justice, the U.S. Environmental Protection Agency, U.S. Department of Interior, the U.S. Department of Commerce and various States) and private entities on a variety of cost accounting and financial matters. Mr. Wright has provided these services in over one hundred environmental cases, most of which involve construction and government contracting activities and related issues.

Prior to joining the Firm, Mr. Wright was employed as an audit manager with a large local public accounting firm. As an audit manager with his prior firm, he had responsibility for the firm's audit and consulting services to government and construction contractors and a large financial institution. These responsibilities included performing and supervising audits; financial statement presentation; internal control reviews; and interaction with regulatory agency auditors. He has co-authored an article published in the Maryland Society of Certified Public Accountants' *CPA Statement* entitled "Professional Standards Applicable to Litigation Support." Mr. Wright also teaches continuing professional education courses on construction damages.

EXHIBIT A
PAGE 28 OF 38

# WILEY R. WRIGHT, III, CPA

## Personal Resume

### EDUCATION

- Bachelor of Science –Business Administration/Accounting, George Mason University

### PROFESSIONAL CERTIFICATION

- Certified Public Accountant

### RELEVANT EXPERIENCE

- Partner, Public Accounting Practice & Management Consultant
- Expert Testimony and Litigation Support Services
- Audits of Construction and Government Contractors
- Consulting Services/Construction and Government Contractors

### PROFESSIONAL AFFILIATIONS/MEMBERSHIPS

- American Institute of Certified Public Accountants
- Greater Washington Society of Certified Public Accountants
- Association of Certified Fraud Examiners
- American Bar Association
- National Contract Management Association
- Institute of Management Accountants

**WILEY R. WRIGHT, III, CPA**
**Personal Resume**

**Representative Expert Testimony**
***Italics* indicates client**

| Plaintiff | Defendant | Forum and Testimony |
|---|---|---|
| *United States of America* | Charles George Trucking Co., et al | United States District Court for the District of Massachusetts (deposition and trial) |
| AWM Enterprises, Inc. | *Noell, Inc.* | Fairfax County, VA, Circuit Court (deposition and trial) |
| *United States of America* | Scott's Liquid Gold | United States District Court, Colorado (deposition) |
| *United States of America* | Broderick Investment Company, Tom H. Connolly, as Trustee, and Burlington Northern Railroad Company | United States District Court for the District of Colorado (deposition) |
| *United States of America* | Atlantic Richfield Company | Alternative Dispute Resolution (Mediation) |
| *United States of America* | Atlantic Richfield Company | United States District Court for the Eastern District of Texas (deposition) |
| *Aerojet-General Corp* | United States Air Force | Armed Services Board of Contract Appeals (deposition) |
| *United States of America* | Salvors, Inc., et al | United States District Court, Florida (deposition) |
| *Noell, Inc.* | Los Angeles Department of Water and Power | Superior Court of California (deposition) |
| W.R. Mollohan, Inc., et al | Fru-Con Construction Corp. et al | United States District Court, West Virginia (deposition) |
| *United States of America* | Findett Corporation | United States District Court, Missouri (deposition) |
| *United States of America* | DICO, Inc. | United States District Court, Missouri (deposition) |
| Golden Bay Fence Co. | *Ray Wilson Co* | Superior Court Of California, American Arbitration Association |

EXHIBIT A
PAGE 30 OF 38

**WILEY R. WRIGHT, III, CPA**
**Personal Resume**

**Representative Expert Testimony**
***Italics* indicates client**

| Plaintiff | Defendant | Forum and Testimony |
|---|---|---|
| Joe Amaral Mechanical | *Clark Construction* | United States District Court, Northern District of California (deposition) |
| *Dillingham Construction* | County of Los Angeles | Superior Court of California, (deposition) |
| *United States of America* | ASARCO, Inc. | United States District Court, Idaho (deposition) |
| *United States of America* | Montrose Chemical Co. | United States District Court, California (deposition) |
| *United States of America And the State of Colorado a* | Robert M. Friedland, et al. | United States District Court, District of Colorado (deposition) |
| *United States of America* | Chrysler Corporation, Ford Motor Company, et al. | United States District Court, Northern District of Ohio (deposition) |
| E.I. Dupont | *United States of America* | United States District Court, New Jersey * (deposition) |
| *United States of America* | Tug ALLIE B, et al. | United States District Court, Southern District of Florida * (deposition) |
| *United States of America* | Sprague Energy, et al. | United States District Court, North Carolina * (deposition) |
| Kiewit Construction | *United States of America* | United States Court of Federal Claims * (deposition) |
| *United States of America* | Gurley Refining Co. | United States District Court, Arkansas * (deposition and trial) |
| *United States of America* | W.R. Grace, et al | United States District Court, Montana * (deposition) |
| Miami Dade County | *United States of America* | United States District Court, Florida * (trial) |

*** Within the preceding four years**

EXHIBIT A
PAGE 31 OF 38

**WILEY R. WRIGHT, III, CPA**
**Personal Resume**

**Representative Expert Testimony**
***Italics* indicates client**

| Plaintiff | Defendant | Forum and Testimony |
| --- | --- | --- |
| Information Systems & Networks Corporation | *United States of America* | United States Federal Court of Claims * (deposition) |
| U.S.F.G. | *Dick Barton Malow, et al.* | United States District Court, District of Columbia * (deposition) |
| Carol AuClair | *Anteon Corporation* | Fairfax County, Virginia Circuit Court * (deposition) |
| *United States of America* | Mallinckrodt Inc., et al | United States District Court, District of Missouri * |
| *United States of America* | ASARCO, Inc | United States District Court, Idaho * (deposition) |
| Morrison Knudson International, Inc./ Contrak International, Inc. J.V. | *National Organization for Potable Water and Sanitary Drainage* | International Commercial Arbitration * |
| Hewlett Packard | *Telecom Egypt* | International Commercial Arbitration * |
| Lighthouse Electric, Inc. | *Pennsylvania Department of General Services* | Pennsylvania Board of Contract Appeals * |
| Kirby Electric, Inc. | *Pennsylvania Department of General Services* | Pennsylvania Board of Contract Appeals * |
| W.G. Tomko, Inc. | *Pennsylvania Department of General Services* | Pennsylvania Board of Contract Appeals * |
| C&M Contracting, Inc. | *Pennsylvania Department of General Services* | Pennsylvania Board of Contract Appeals * |
| Oldcastle Precast, Inc. | *Pennsylvania Department of General Services* | Pennsylvania Board of Contract Appeals * |
| Macgregor Industries | *Pennsylvania Department of General Services* | Pennsylvania Board of Contract Appeals * |
| W. G. Tomko, Inc. | *Pennsylvania Department of General Services* | Pennsylvania Board of Contract Appeals * |

*** Within the preceding four years**

EXHIBIT A
PAGE 32 OF 38

**WILEY R. WRIGHT, III, CPA**
**Personal Resume**

**Representative Expert Testimony**
***Italics* indicates client**

| Plaintiff | Defendant | Forum and Testimony |
|---|---|---|
| *United States of America* | Jay James Jackson, et al. | United States District Court, District of Nebraska * |
| Jackson 2000 LLC, et al. | *American Geotech, Inc., et al.* | United States District Court, Southern District of Ohio – Eastern Division * |
| *United States of America* | RSR Corporation, et al. | United States District Court, Washington * |
| *United States of America* | Dominick Manzo, et al. | United States District for the District of New Jersey * |
| *East Coast Glass Systems* | Pohl, Inc. | United States District Court, Eastern District of Virginia* |
| Gates of McLean Condominium | *Gates of McLean Development, LLC* | Circuit Court of Fairfax County* |

*** Within the preceding four years**

EXHIBIT A
PAGE 33 OF 38

# Attachment 2

## Documents Considered in Reaching Opinions

EXHIBIT A
PAGE 34 OF 38

**LUMBERMENS MUTUAL CASUALTY COMPANY**
**v.**
**THE UNITED STATES**
**No. 04-1255C**

## Data and Other Information Considered in Forming Opinions

Amendments of Solicitation/Modifications of Contract for Landmark Construction Corp. as Contractor – Amendment/Modification #s: A00001 – A00007; A00010 – A00012
Certified Payroll – A and C Striping, Inc. – week ending 6/13/03
Certified Payrolls – Allied Floors & Acoustics, Inc. – weeks ending: 2/6/02 – 12/4/02; 12/18/02 – 6/11/03
Certified Payrolls – Atherton Construction, Inc. – weeks ending 12/29/01 – 6/14/03
Certified Payrolls – Barron Heating & Air Conditioning, Inc. – weeks ending: 2/9/02 – 7/6/02; 7/20/02 – 11/2/02; 11/16/02 – 6/14/03
Certified Payrolls – Bronco Electric, Inc. – weeks ending: 2/3/02 – 9/8/02; 9/22/02 – 6/8/03
Certified Payrolls – C&C Construction – weeks ending 8/13/00 – 10/29/00
Certified Payrolls – Coastal Mechanical & Electrical, Inc. – weeks ending 8/4/00 – 5/11/01
Certified Payrolls – Crawford Garage Doors, Inc. – weeks ending: 4/5/02 – 11/1/02; 11/15/02 – 6/13/03
Certified Payrolls – Environmental Abatement Services, Inc. – weeks ending 3/23/02 – 3/29/03
Certified Payrolls – Everett Landscape – weeks ending 6/8/02 – 5/17/03
Certified Payrolls – Golden Great Northwest Construction, Inc. – weeks ending 1/19/02 – 6/7/03
Certified Payrolls – Jordan Drywall – weeks ending: 1/26/02 – 3/16/03; 3/29/03; 4/5/03 – 5/17/03
Certified Payrolls – Landmark Construction Corp. – weeks ending: 8/4/00 – 2/2/01; 2/23/01 – 5/18/01; 6/1/01
Certified Payrolls – Leonard Construction – weeks ending: 6/30/02 – 11/10/02; 11/24/02 – 2/2/03
Certified Payrolls – Lloyd Enterprises, Inc. – weeks ending 8/13/00 – 10/8/00
Certified Payrolls – Makinson Enterprises, Inc. – weeks ending: 3/8/02 – 7/19/02; 8/2/02 – 5/30/03
Certified Payrolls – Rich-Lor Enterprises, Inc. – weeks ending 2/20/02 – 6/10/03
Certified Payrolls – Triple J Drywall – weeks ending: 1/26/02 – 3/16/02; 3/30/02 – 5/18/02; 6/8/02 – 8/3/02; 8/24/02 – 10/26/02; 11/23/02; 12/14/02 – 12/28/02; 1/11/03 – 5/10/03
Deposition Transcript of Arnold L. Ellingson (8/17/06)
Deposition Transcript of Brady Farley (8/18/06)
Deposition Transcript of Pam Johnson (8/16/06)
Deposition Transcript of Robert Ryan (8/16/06)
Documents stamped with Bates numbers HBS 000001 – HBS 000739

**LUMBERMENS MUTUAL CASUALTY COMPANY**
**v.**
**THE UNITED STATES**
**No. 04-1255C**

**Data and Other Information Considered in Forming Opinions**

Documents stamped with Bates numbers LLOYD 0001 – LLOYD 0203
Documents stamped with Bates numbers LMB 000001 – LMB 010981
Documents stamped with Bates numbers LUMBERMENS 00001 – LUMBERMENS 22942
Documents stamped with Bates numbers NCIS 00008 – NCIS 00359
Documents stamped with Bates numbers NCIS 00366 – NCIS 00459
Documents stamped with Bates numbers NCIS 00463 – NCIS 00710
Documents stamped with Bates numbers NCIS 00714 – NCIS 00883
Documents stamped with Bates numbers PP 000001 – PP 000039
Documents stamped with Bates numbers TF 000005 – TF 000502
Plaintiff's Deposition Exhibits (Volumes 1-6)
Complaint
First Amended Complaint
Deposition Transcript of Kevin Mcateer (1/24/06)
Deposition Transcript of Ronald Martin (1/25/06)

# Attachment 3

Rubino & McGeehin Consulting Group, Inc.

Fee Schedule

## RUBINO & McGEEHIN CONSULTING GROUP, INC.
## PROFESSIONAL FEES

| | |
|---|---|
| Shareholder | $205 |
| Manager | 166 |
| Supervisor | 132 |
| Senior Accountant | 122 |
| Staff Accountant | 93 |
| Paraprofessional | 54 |
| Administrative | 44 |

EXHIBIT A
PAGE 38 OF 38