**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 04-1255C<br>Honorable Robert H. Hodges, Jr. |

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY REGARDING MITIGATION

This case concerns Defendant's improper payment of contract funds to Landmark Construction Corporation ("Landmark"), the defaulted contractor, as a result of failures to enforce several mandatory payment terms of the contract. Plaintiff provided payment and performance bonds to Landmark and Defendant's improper payment of contract funds impaired Plaintiff's security for those bonds. Plaintiff was damaged to the extent of the Defendant's overpayments because it had to pay the takeover contractor to complete the work that Landmark had been paid for, but never performed.

Accordingly, the damages question becomes *to what extent did Landmark apply payments made by Defendant to complete the project*? It is on that issue that neither of Defendant's experts offered any opinion. Instead, as conceded by counsel for Defendant in its Opposition Brief, "the Government's experts clearly assumed in doing their analysis that Landmark spent money performing under the contract and that the money used was paid to Landmark under the contract." Opposition Brief, pp. 1-2 (emphasis added). Therein lies the

problem—Defendant's experts did not perform any analysis or offer any opinion on the extent to which Landmark used payments to perform work that would mitigate Plaintiff's damages. In fact, Defendant's damages expert, Mr. Wright, opined in his report that "there are insufficient records to determine the actual quantities of the materials as of the termination date . . . ." Declaration of Jared Van Kirk, Exhibit A, p. 6. Accordingly, not only did Defendant's damages expert fail to offer an opinion on the issue of mitigation, he clearly suggested that he is unable to form such an opinion. Thus, Defendant's experts should not be permitted to offer any opinion regarding mitigation at trial.

In order to recover under the discharge/impairment theory, Plaintiff bears the initial burden of establishing that Defendant materially departed from contractual provisions related to payment and the security of retained funds. *See National Surety Corp. v. United States*, 118 F.3d 1542, 1545-47. Once established, the mere fact of impairment creates a presumption that the surety was prejudiced by the total amount of the improper progress payments. *Id*. at 1548; *Reliance Ins. Co. v. Colbert*, 124 U.S. App. D.C. 339, 365 F.2d 530, 535 (D.C. Cir. 1966). The burden then shifts to Defendant to show that the Plaintiff did not suffer any prejudice from the improper payments or that the Plaintiff's prejudice was mitigated. *Id*.; *see also Mergentime Corp. v. Washington Metro. Area Transit Auth*., 775 F. Supp. 14, 21 (D.D.C. 1991) (stating that the "obligee bears the burden of persuasion on the issue of prejudice").

To carry its mitigation burden, Defendant must produce specific evidence showing that Landmark used the Navy's improper payments to reduce Lumbermens' subsequent performance. *See, e.g., Ramada Development Co. v. U.S. Fidelity & Guar. Co*., 626 F.2d 517, 521-22 (6th Cir. 1980). As set forth by the Federal Circuit in *National Surety*:

> [The surety's] recovery should not exceed any losses that ensued, directly or indirectly, from the impairment of the security. Thus it is

> relevant to consider what the contractor did with the released funds. If the unauthorized payments were expended for the purposes of the contract so that the extent of the surety's subsequent performance was reduced thereby, any injury to the surety would to that extent be mitigated.

118 F.3d at 1548 (emphasis added). Defendant's experts provided no such opinion in their reports. As a result, they should be precluded from providing testimony regarding mitigation at trial.

For the foregoing reasons, Plaintiff respectfully requests that the Court rule that any expert testimony on the issue of mitigation of Plaintiff's damages due to Landmarks' beneficial use of improperly paid contract funds is inadmissible.

DATED this 14th day of September, 2007.

By:__s/Mark G. Jackson___________
Mark G. Jackson, WSBA #18325

GARVEY SCHUBERT BARER
1191 Second Avenue, Suite 1800
Seattle, Washington 98101
(206) 464-3939
(206) 464-0125 – fax

Counsel of Record for Plaintiff
Lumbermens Mutual Casualty Company
SEA_DOCS:862537.1