**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-1255C<br><br>Honorable Robert H. Hodges, Jr. |

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFF'S MOTION FOR PARTIAL SUMMARY AND OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

## I. INTRODUCTION

Defendant opposes Lumbermens' Motion for Partial Summary Judgment by arguing that there are disputed issues of material fact that preclude summary judgment. Defendant attempts to create disputed issues of material fact by relying on the Declaration of John Santiago, the Contracting Officer.[1] However, Mr. Santiago's declaration contradicts without explanation his sworn deposition testimony. As his deposition testimony clearly establishes, he neither approved the schedule of prices nor the NAS and his approval of both submittals were conditions precedent to payment. Mr. Santiago's contradictory declaration does not, as a matter of law, create disputed issues of material fact. Accordingly, Lumbermens is entitled to summary judgment on Counts 2 and 3.

In a further attempt to avoid partial summary judgment, Defendant cross moves for partial summary judgment, claiming that the payment provisions violated by the Navy were

[1] Defendant also submitted the Declaration of Richard Paullin. However, on the relevant facts, Mr. Paullin merely repeats Mr. Santiago's statements.

not intended for the benefit of Lumbermens. Defendant's argument is without merit. The *intent* of the provisions violated by the Navy is irrelevant. The issue is one of *effect*—did the Navy materially increase the risk to Lumbermens by violating contract terms that provided security for the performance bonded by Lumbermens? Payment terms unquestionably provide security for bonded performance and, in this case, the contract terms that the Navy violated were payment terms. Payments made to Landmark in violation of the payment terms materially increased the surety's risk. Defendant's cross-motion should be denied.

## II. ARGUMENT

### A. There are no disputes issues of material fact; the Contracting Officer did not approve either the schedule of prices or the NAS, both of which were conditions precedent to payment.

Defendant submits the declaration of the Contracting Officer, Mr. Santiago, in an attempt to create a disputed issue of material fact and preclude summary judgment. However, Defendant cannot rely on Mr. Santiago's declaration to create a disputed issue of material fact because his declaration directly contradicts his sworn deposition testimony.

In his declaration, Mr. Santiago claims he approved the schedule of prices. However, at his deposition, he flatly denied, under oath, approving the schedule of prices:

Q: Did you ever approve a document like this as a schedule of prices for the contract?

A: No.[2]

In his declaration, Mr. Santiago does not even acknowledge the contradiction, much less explain it

[2] Santiago Transcr., 59:2-7.

Mr. Santiago also states in his declaration that he approved the NAS in "Modification A00001, dated August 8, 2000." Santiago Decl., ¶ 13. However, again his testimony at deposition directly contradicts his declaration:

> Q: Does [Amendment A00001]—by issuing this amendment, did the Government approve or approve as noted the submittal identified herein?
>
> A: No, this amendment didn't approve that. The submittals had been submitted earlier and were reviewed and approved at that time.[3]

Moreover, as the facts undeniably demonstrate, the NAS was "approved as noted" by Mr. McAteer, the Project Engineer on September 11, 2000, over a month later. Again, Mr. Santiago does not even acknowledge or attempt to explain that contradiction.

It is undisputed that Mr. Santiago did not review or approve the NAS. Now, in his declaration, Mr. Santiago states that he delegated to Mr. McAteer the responsibility to review and approve the NAS. Santiago Decl., ¶ 30. Again, his deposition testimony directly contradicts this statement:

> Q: Now, can you explain whey Mr. McAteer is the one that signed [the NAS submittal] as "Approved as Noted"?
>
> A: I have no explanation.
>
> Q: He didn't have the authority to do that, did he?
>
> A: Not according to what the contract said.[4]

Again, Mr. Santiago's declaration does not attempt to explain his contradictory statements.

The law in this area is straightforward. The controlling case in this jurisdiction is *Sinskey v. Pharmacia Opthamalics, Inc.* 982 F.2d 494, 498 (Fed. Cir. 1992). *Sinskey* holds that when a

---

[3] Santiago Transcr., 142:25 – 143:2.
[4] Santiago Transcr., 136:15-19.

party submits a sworn statement[5] contradicting prior deposition testimony without explanation, the court will disregard the subsequent statement in deciding on summary judgment.

> A party cannot create an issue of fact by supplying an affidavit contradicting his prior deposition testimony, without explaining the contradiction or attempting to resolve the disparity . . . . Where, as here, a party has been examined extensively at deposition and then seeks to create an issue of fact through a later, inconsistent declaration, he has the duty to provide a satisfactory explanation for the discrepancy at the time the declaration is filed. To allow him to preclude summary judgment simply by contradicting his own prior statements would seriously impair the utility of Federal Rule of Civil Procedure 56. The trial court properly disregarded the declaration in assessing the existence of a genuine issue of fact.

*Id.* The Court of Federal Claims has applied this rule in recent cases citing to the *Sinskey* decision. *See Precision Pine and Timber, Inc. v. United States*, 63 Fed. Cl. 122, 135-36 (2004); *Fields v. United States*, 53 Fed. Cl. 412, 418 (2002). The *Sinskey* decision is in accord with how other circuits treat the issue. *See, e.g., Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 758-69 (7th Cir. 2006); *Southern Electrical Health Fund v. Heritage Mutual Insurance Co.*, 147 Fed. Appx. 497, 503 (6th Cir. 2005); *Martin v. Merrell Dow Pharmaceuticals, Inc.*, 851 F.2d 703, 706, (3d Cir. 1988); *Mack v. United States*, 814 F.2d 120, 124 (2d Cir. 1987); *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986). The Court should disregard Mr. Santiago's contradictory declaration.

The Contract required the Contracting Officer to approve the schedule of prices before making payments to the contractor for construction activities. Defendant does not argue otherwise. Instead, it attempts to create a disputed issue of material fact (arguing that he did, in fact, approve the schedule of prices) by submitting Mr. Santiago's declaration that contradicts his own sworn deposition testimony. If he court, as it should, disregards that contradictory declaration, there exists no disputed issue of

[5] The decision uses both the terms "affidavit" and "declaration" interchangeably. *Sinskey*, 982 F.2d at 498.

fact—Mr. Santiago did not approve the schedule of prices. As a result, Lumbermens is entitled to summary judgment on Count 2.

Further, the Contract required the Contracting Officer to approve the NAS prior to making payments to Landmark. It is undisputed that Mr. Santiago did not approve the NAS. Defendant attempts to avoid summary judgment on this issue by inconsistently claiming, through Mr. Santiago's declaration, that he: (1) approved the NAS in Modification A00001; and (2) delegated approval of the NAS to Mr. McAteer, who did so a month after Modification A00001 was executed by Mr. Santiago. Notwithstanding the obvious inconsistency in those assertions, both are contradicted by Mr. Santiago's sworn testimony at deposition. Again, if the Court disregards the contradictory declaration (as it should), there exists no disputed issue of material fact. The Contract required him to approve the NAS and he neither reviewed nor approved it. As a result, Lumbermens is entitled to summary judgment on Count 3.

**B. Defendant is not entitled to partial summary judgment; the payment provisions of the Contract provided security for the bonded performance and violation of those terms materially increased Lumbermens' risk.**

In support of its cross-motion for partial summary judgment, Defendant argues that the Navy's failure to comply with certain payment provisions of the Contract cannot, as a matter of law, give rise to a claim of *pro tanto* discharge because those payment terms "were [not] intended for the benefit of Lumbermens." Def. Motion, p.4. Defendant further argues that Lumbermens is attempting to "expand the law regarding impairment of suretyship." Def. Motion, p. 7. Defendant's premise—that the Contract terms that the Navy violated must have been intended to benefit Lumbermens—is wrong. Moreover, Lumbermens is not attempting to expand the scope of this doctrine. Instead, Defendant is attempting to limit its scope by

interjecting the requirement that Lumbermens be an intended beneficiary of the contract terms violated by the Navy.

As everyone agrees, in the Federal Circuit, the seminal decision on this issue is *National Surety Corp. v. United States*, 118 F.3d 1542 (Fed. Cir. 1997). In *National Surety*, the surety furnished performance and payment bonds in connection with a contract for construction of a water distribution system. The contract provided that the government would retain ten percent of all progress payments until the contractor submitted, and the contracting officer approved, a "complete project arrow diagram." The contractor did not provide the project arrow diagram. Nevertheless, the government paid the retainage. The contractor abandoned the project and the surety completed. The surety then filed a claim for funds that were required to have been retained by the government. The court explained that "[c]ontract terms that provide security for the bonded performance can not be ignored, waived, or modified without consideration of the surety's interests." *Id*. at 1547.

In so holding, the court in *National Surety* adhered to the position of the Restatement (Third) of Suretyship and Guaranty, under which a surety has a claim against an obligee that increases its costs of performance even if the latter is unaware that the obligor has defaulted. *See* RESTATEMENT (THIRD) OF SURETYSHIP AND GUARANTY §§ 37-44 (1996). Notably, neither *National Surety* nor the Restatement require (or even indicate) that the contractual provisions in question must be as Defendant asserts in its motion "intended for the benefit of" the surety. The *intent* of the parties in this context is irrelevant and is not an element in a discharge claim. Instead, all that matters is the *effect* of the contractual provision: i.e., whether the Government's failure to adhere to the provision materially increased the surety's risk. *See National Surety*, 118 F.3d at 1545-47; RESTATEMENT (THIRD) OF SURETYSHIP AND GUARANTY §§ 37-44.

Here, the Contract contained express limitations on when, how, and to what extent the Navy could make payments to Landmark. In its motion for partial summary judgment, Lumbermens identified two such provisions as independent bases for partial summary judgment. First, Lumbermens argued that § 01200, ¶ 1.2 prohibited payment for construction work until the contractor had submitted and the contracting officer approved a schedule of prices. Second, Lumbermens argued that § 01200, ¶ 1.3 required the contractor to provide an updated network analysis with each progress payment request. In either case, payment to the contractor in violation of these provisions increases the risk to the surety in exactly the same manner as presented to the court in *National Surety*. Lumbermens is not attempting to expand the scope of this doctrine. Defendant is improperly attempting to limit it. Not only does Defendant's argument lack support, it is directly contrary to the holding in *National Surety*. Accordingly, Defendant's cross-motion for partial summary judgment should be denied.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's partial summary judgment on Counts _ and _, reserving for trial this issue of damages on these counts, and deny Defendant's Cross-Motion for Partial Summary Judgment.

DATED this 12th day of October, 2007.

By:__s/Mark G. Jackson___________

Mark G. Jackson, WSBA #18325
GARVEY SCHUBERT BARER
1191 Second Avenue, Suite 1800
Seattle, Washington 98101
(206) 464-3939
(206) 464-0125 – fax

Counsel of Record for Plaintiff
Lumbermens Mutual Casualty Company